ALBERT E. SCHWABACHER and Others, Plaintiffs, *v.* EDWARD P. EHRICH, Individually and as Administrator, etc., of WILLIAM J. EHRICH, Deceased, and Others, Defendants.*

Supreme Court, Special Term, New York County, March 30, 1938.

*Cook, Nathan, Lehman & Greenman* [*E. M. Souza* of counsel], for the plaintiffs.

*Oppenheimer, Haiblum & Kupfer* [*Milton P. Kupfer* and *Eli S. Silberfeld* of counsel], for the defendant Ehrich.

*J. L. Lockwood,* for the defendant Douglass C. Fonda, Inc.

* Affd., 254 App. Div. 847.

*B. Schulman,* for the defendant Garotti.

*Carter, Ledyard & Milburn* [*W. G. Jackson* of counsel], for the defendant Gay.

SCHMUCK, J.   A study of the records establishes that the plaintiffs are only perfunctorily parties to the litigation and that the sole issue is whether the defendants Fonda, Inc., and Garotti have a valid lien against the deposit of $15,000 held by the defendant New York Stock Exchange.   Upon the trial plaintiffs admitted that since they had obtained an assignment to the seat on the exchange largely because of certain proceedings had in the Surrogate's Court, county of New York, no affirmative relief is requested. Likewise it developed that defendants Garotti and Fonda, Inc., have limited their proof to the establishment of their rights to the fund held by the Stock Exchange and neither requested nor attempted to prove any right to affirmative relief against the plaintiffs.   Again since sufficient funds are held by the exchange to satisfy the alleged liens of Fonda, Inc., and Garotti and as they never had any dealing with the plaintiffs, perforce no misrepresentation can be charged against the latter, the counterclaims of these defendants must fall and, therefore, they are dismissed so far as the plaintiffs are concerned.   Furthermore, by reason of the changes occurring herein since the institution of the action by the plaintiffs to compel the assignment of the seat on the exchange standing in the name of William J. Ehrich the situation and interest of the defendant New York Stock Exchange is no more than that of a stakeholder.   It is, therefore, only necessary to determine to whom the exchange shall pay the fund in its possession, whether Edward P. Ehrich, as administrator *cum testamento annexo,* shall have the entire fund or whether defendants Fonda, Inc., and Garotti must first have their claims against the decedent satisfied as valid liens against the seat itself or the proceeds of the sale thereof.   Approaching the problem thus presented the first task is to determine the nature of a seat on the New York Stock Exchange.   Is it a chattel, has it the characteristics of property, or is it intangible, and if an intangible is it assignable?   To determine this attention must be directed to the manner in which a seat on the exchange is created.   Examining the constitution of the exchange we learn that a seat as it is termed merely gives the privileges of membership in a voluntary unincorporated association.   By the same instrument the discovery is had that membership depends entirely upon the will of the admissions committee which can arbitrarily and without explanation admit or reject.   Limiting membership to individuals, the manner in which such member may utilize it is specifically provided for in

the constitution. So far as the present inquiry is concerned the most important provision is found in article XIV regulating the manner in which membership may be transferred. Therein it is stipulated that the right of transfer is of a qualified nature depending upon the approval of two-thirds of the committee and necessitating deposit of the purchase price with the exchange for liquidation of the retiring member's debts in the order of priority therein particularized. Contemplating membership as thus created, the courts, both State and Federal, have held it to be no more than a privilege limited to the individual elected to engage in transactions upon the floor of the place of business. (*People of State of New York ex rel. Whitney* v. *Graves*, 299 U. S. 366.) As to what may be done with this privilege by a member the rules of the exchange provide that " In no case may a membership be pledged, either directly or indirectly, to secure an advance of money, or to secure a debt, either prior to or subsequent to election to membership." Interpreting this restriction, it has been held that a seat on the exchange is not a chattel or collateral capable of being pledged for debt and that no power exists in the court to force a member upon the exchange. (*Ketcham* v. *Provost*, 156 App. Div. 477.) From the nature of a membership in the exchange, thus disclosed and in the light of juridical expression, it follows that a member's seat is a personal privilege and an unassignable intangible. Without detailing the transactions had between Mastan Co., Inc., the assignor of Garotti, and Fonda, Inc., on the one hand and William J. Ehrich, deceased, on the other, whereby in part an assignment to all right, title and interest in and to membership in the New York Stock Exchange in the Mastan Co., Inc., matter and to the proceeds of a sale thereof in the Fonda, Inc., transaction was sought to be effectuated, it is held that they are abortive so far as any transfer of the seat on the exchange is concerned. To reach this result it is not required to determine these transactions as usurious or the applicability of the principle of *Jenkins* v. *Moyse* (254 N. Y. 319) or the multitudinous authorities cited by the defendants with reference to the availability or non-availability of the defense of usury in transactions in which a corporation participates. It is only necessary in order to extinguish the putative liens of Fonda, Inc., and Garotti to hold that neither the seat nor the proceeds thereof are capable of being pledged for debt. (*Ketcham* v. *Provost, supra.*) Regardless of the economic value of the seat, as a matter of fact at the time of the alleged assignments the member had nothing to assign, and as a matter of law the claims of Fonda, Inc., and Garotti are void. (*Matter of Hoey & Co.,* 19 F. [2d] 764; *Benedict* v. *Ratner*, 268 U. S. 353.)

In consequence of all this and the unquestionable right of the administrator to pursue the course herein indicated because of the insolvency of the estate (Pers. Prop. Law, § 19; *American Surety Co.* v. *Conner*, 251 N. Y. 1), judgment is decreed dismissing the cross-claims of the defendants Fonda, Inc., and Garotti as against both the plaintiffs and defendant administrator and ordering and directing the defendant Gay, as president of the New York Stock Exchange, to turn over to the administrator the sum of $15,000, now on deposit with it. Costs to the defendant administrator as against the defendants Fonda, Inc., and Garotti.

Submit findings of fact, conclusions of law and judgment accordingly.