In the Matter of the Accounting of KATHERINE D. GRUNER, as Administratrix with the Will Annexed of OTTO H. GRUNER, Deceased.

Surrogate's Court, New York County, March 9, 1945.

*Morrison T. Hankins* and *Charles B. Clancy* for Katherine D. Gruner, as administratrix *c. t. a.*, petitioner.

*J. Adam Murphy* and *Robert N. Shiverts* for New York Trust Company, respondent.

*Hartman, Craven & Fuld* for United States Trust Company, as executor of Hartman K. Evans, deceased, respondent.

*John F. X. McGohey, United States Attorney (Thomas G. Donlan* of counsel), for Collector of Internal Revenue, respondent.

*Hamilton McInnes* for State Tax Commission, respondent.

FOLEY, S. The sole question in this accounting proceeding is whether the objectant has a valid lien upon the proceeds of sale of a membership of the decedent in the New York Stock Exchange, or, as it is commonly called, a seat on the exchange. The estate is insolvent. If the objectant has a valid lien upon the proceeds of sale of the seat, it will take substantially all of the estate to the exclusion of the other creditors.

In May, 1929, the decedent borrowed a sum of money from the objectant, the New York Trust Company, and executed to it an assignment of his seat on the Stock Exchange. The instrument recited that the assignment " though absolute, is nevertheless an assignment as collateral and security for the demand note " of the decedent made simultaneously. In the assignment, the decedent covenanted to pay all dues and charges of every kind necessary to keep the membership in good standing and to suffer no obligations of any kind in favor of members to take precedence over the rights of the assignee. He further agreed to maintain the membership free of claim and liability for payment of any obligation to any person.

The decedent continued to be a member of the exchange until his death on December 16, 1942. The seat was sold by the administratrix *c. t. a.,* and pursuant to the stipulation of the parties the proceeds were paid to the fiduciary without prejudice to any rights the objectant might have.

The Surrogate holds that the objectant has no legal or equitable lien upon the proceeds of sale of the membership and its objections are accordingly overruled. (*Schwabacher* v. *Ehrich,* 168 Misc. 869, affd. 254 App. Div. 847, motion for leave to appeal denied, 279 N. Y. 813; *In Re M. J. Hoey & Co.,* 19 F. 2d 764, certiorari denied, *sub nom. Norwegian Am. Sec. Corp.* v. *Kaufman,* 275 U. S. 550; *Benedict* v. *Ratner,* 268 U. S. 353.)

The decisions of the Appellate Division and the Court of Appeals in *Schwabacher* v. *Ehrich* (*supra*) clearly establish the rule in this State that an assignment or pledge of a seat on the Stock Exchange, which reserves to the assignor all his powers and privileges as a member of the exchange and which allows him to diminish it at his pleasure by incurring charges against it, is invalid and fraudulent as against creditors of the assignor or pledgor.

There can be no doubt in the pending case that the assignment to the objectant contemplated the continued use of the

membership by the decedent. Nor can there be any doubt of his *power* to incumber it or diminish its value by obligations to other members. The recognition of his power so to do is implicit in the exaction of a promise from him that he would not in fact use the power. It is this unrestricted dominion over the subject matter of the assignment that vitiates the assignment. (*Benedict* v. *Ratner, supra.*) The rule " rests not upon seeming ownership because of possession retained, but upon a lack of ownership because of dominion reserved. It does not raise a presumption of fraud. It imputes fraud conclusively because of the reservation of dominion inconsistent with the effective disposition of title and creation of a lien." (Per BRANDEIS, J., p. 363.)

The doctrine of *Benedict* v. *Ratner* (*supra*) was applied to the pledge of a seat on the Stock Exchange in *In Re M. J. Hoey & Co.* (19 F. 2d 764, 765, *supra*). Judge LEARNED HAND said: " It appears to us a matter of indifference whether the res be made up of separate parcels, of which the borrower may dispose in detail, or whether it be a single thing whose value he has leave to diminish at his pleasure. Whatever be the basis of the doctrine, it can make no difference how the power granted is exercised, when the result is in substance the same. The supposed lien here, just as in *Benedict* v. *Ratner,* was to be imposed only on the rump which the borrower might leave. That made the transaction unlawful."

In *Schwabacher* v. *Ehrich* (168 Misc. 869, *supra*) the court at Special Term held, upon the authority of *Benedict* v. *Ratner* (*supra*) and *In Re M. J. Hoey & Co.* (*supra*) that the claims of the lienors were void as matter of law. This decision was unanimously affirmed without opinion. It is in harmony with the public policy of this State over a long period of years, both as codified in the Lien Law and as expressed in the decisions, voiding any secret lien where the pledgor is permitted unrestricted dominion over the thing pledged. (*Zartman* v. *First Nat. Bank,* 189 N. Y. 267, 273, and cases cited therein; *Benedict* v. *Ratner,* 268 U. S. 353, *supra,* and cases cited.)

The assignments of the seat were ineffective to subject the proceeds of its sale exclusively to the debt of the assignee bank. It has the status of a general creditor only and is entitled to share with other creditors of the same standing under the classes set forth in section 212 of the Surrogate's Court Act.

Submit decree on notice settling the account accordingly.