JOHN F. JENKINS, Respondent, *v.* JOSEPH L. MOYSE et al., Appellants, Impleaded with Another.

(Argued June 6, 1930; decided July 8, 1930.) '

*Joseph M. Proskauer, J. Alvin Van Bergh, Avel B. Silverman* and *Benedict A. Leerburger* for appellants. There is no evidence to support a finding essential to this judgment that the lender procured or participated in the formation of a dummy corporation to cover and cloak a usurious loan to plaintiff individually. ( *Union Dime Sav. Inst.* v. *Wilmot,* 94 N. Y. 221; *Dunham* v. *Cudlipp,* 94 N. Y. 129; *Smith* v. *Cross,* 90 N. Y. 549.)

*Florence J. Sullivan* for respondent. The loan and the bond and mortgage were usurious, null and void. (*Anam Realty Co.* v. *Delancey Garage, Inc.,* 190 App. Div. 747; General Business Law, § 373; *Sabine* v. *Paine,* 223 N. Y. 404.) The dummy corporate entity and corporate fiction, the use of the name of " John F. Jenkins, Inc.," that never existed, in the application for the loan, and the sham corporate entity of " John F. Jenkins Company, Inc.," incorporated for a day to execute the $45,000 usurious bond and mortgage as mortgagor on plaintiff's property, were cloaks and subterfuges used by the defendants to cover the usury and defeat the Usury Law. The plaintiff as an individual was throughout the usurious transaction the true owner of the real estate so mortgaged, the true borrower and mortgagor in said loan and bond and mortgage. (*Anam Realty Co.* v. *Delancey Garage Inc.,* 190 App. Div. 747; *Booth* v. *Bunce,* 3 N. Y. 157;

*Hall* v. *Eagle Ins. Co.*, 151 App. Div. 826; *Quaid* v. *Ratknowsky*, 183 App. Div. 428; 224 N. Y. 624; *Goss & Co.* v. *Goss*, 147 App. Div. 703; *Tyng* v. *Commercial Warehouse Co.*, 58 N. Y. 308; *United States* v. *Lehigh Valley R. R. Co.*, 220 U. S. 257; *Bressman, Inc.,* v. *Masson*, 127 Misc. Rep. 283; *Garrigues Co.* v. *Int. Agricultural Corp.*, 159 App. Div. 880; *Sanchez* v. *Sotscheck*, 160 App. Div. 801; *Fort* v. *415 Central Park West Corp.*, 131 Misc. Rep. 777; *Friend* v. *Friedman*, 126 Misc. Rep. 654; *Beckwith S. Agency* v. *Orange C. Herald Pub. Co.*, 214 App. Div. 215; *Silverstein* v. *Taubenkimmel*, 209 App. Div. 711; *Railway Co.* v. *Miller*, 51 N. W. Rep. 981; *Gas Co.* v. *West*, 50 Iowa, 16; *State ex rel. Atty.-Gen.* v. *Standard Oil Co.*, 49 Ohio St. 137; *Bennett* v. *Minott*, 28 Oreg. 339.)

LEHMAN, J.   In May, 1926, the plaintiff was the owner of a parcel of real estate in Westchester county. He desired to borrow the sum of $52,000 to meet pressing obligations, including a mortgage debt upon his real estate. He requested George Leerburger, a broker, to obtain a mortgage loan. The plaintiff testified: " I was told I would have to be incorporated or I could not get this loan." The rate of six per cent, which might be exacted lawfully from an individual borrower, would apparently not satisfy a prospective lender, so the broker " said a corporation could not plead usury and they would not make the loan unless I was incorporated." The plaintiff acceded to the broker's suggestion and, in behalf of a corporation which should be formed to take title to the property, he authorized the broker to obtain a loan and agreed to pay a very large bonus in addition to interest. The defendant Joseph L. Moyse agreed to make a loan of $27,000, receiving a second mortgage of $45,000 with interest at six per cent. The plaintiff in a writing addressed to Joseph L. Moyse and signed " John F. Jenkins, Inc., by John F. Jenkins, President," confirmed the arrangement. In accordance with that

arrangement, "John F. Jenkins Company, Inc.," was incorporated. Plaintiff transferred to the new corporation his real estate. The corporation executed a second mortgage for $45,000 and received the sum of $27,000 in July, 1926.

About a year later the defendant Lawrence Blum Realty Company, Inc., which held title to the mortgage, began an action to foreclose the mortgage. John F. Jenkins Company, Inc., still held title to the property covered by the mortgage. The plaintiff John F. Jenkins owned the corporate stock and controlled the corporation. The summons was served on him as president of the corporation. The defense of usury was not available to the corporation. (General Business Law, § 374; Cons. Laws, ch. 20.) Judgment of foreclosure followed, and a sale was had. Then the plaintiff made a motion to vacate the sale and for leave to intervene in order to obtain an adjudication that the loan transactions were "personal transactions between Joseph L. Moyse and the said John F. Jenkins" and, as such, were usurious. That motion was denied. The judgment of foreclosure is unreversed and binding upon the parties thereto and their privies, though on other grounds the sale held under that judgment was vacated.

Then the plaintiff brought this action in equity, seeking a judgment that the mortgage is usurious and void and should be canceled and discharged of record. In the courts below he has been granted that relief. Findings have been made and affirmed that the form of a corporate form was used merely for the purpose of concealing and covering up a corrupt, unlawful and usurious loan made to the plaintiff.

To sustain the judgment there must be evidence from which the inference can be drawn that the defendants agreed to loan money to the plaintiff, and did in fact make the loan to him. Before any inference can be drawn that the corporate form was used to conceal an unlawful transaction with the plaintiff as an individual, there

must be proof, at least, that there was an individual transaction which the parties might desire to conceal. The plaintiff desired to raise money on mortgage upon his real estate. The defendants could not lawfully make a loan to the plaintiff individually at a greater rate of interest than six per cent. They never offered or agreed to make a loan to the plaintiff, for the rate of interest which they could lawfully exact from an individual was not attractive to them. The defendants were willing to loan money upon the real estate owned by the plaintiff, provided they could lawfully exact a higher rate of interest. The statute left one way open to accomplish a result desired by both sides. The loan was needed to take care of a mortgage upon the property and to relieve the property from the lien of taxes and of judgments against the plaintiff. If the property were transferred to a corporation, the corporation could borrow the money upon mortgage given by it without limitation as to the interest it might agree to pay for the loan. So the transaction was consummated, and it was consummated in full compliance with the law of this State. Indirectly through his ownership of the stock of the corporation the plaintiff continued to control the real estate and received substantially the full benefit of the loan. Indirectly, too, the plaintiff suffers loss by the enforcement of the defendant's right to foreclose the mortgage upon the corporate property; but the loan was made to the corporation and was payable only by the corporation and out of property which the corporation had the right to mortgage.

Now we are asked to disregard the corporate entity and to declare that a loan made in a form which is legal is merely an evasion of the law, a cloak for a loan made not to the corporation but to the individual who owns its stock. That we may not do. As we have said in *Union Dime Savings Institution* v. *Wilmot* (94 N. Y. 221): " The parties had a perfect right to deal with each other with the usury laws before their eyes, and to so shape the transaction as to avoid the condemnation of those laws." As

in that case, " there is no evidence whatever that the transaction took the form it did as a cover for usury. In one sense it took this form for the purpose of escaping usury."

The transaction here had its inception in a loan which the defendants would not make to the plaintiff because it would have been usurious but which they agreed to make to a corporation which the plaintiff formed because a loan to a corporation is not usurious. The corporate mortgage when executed had a valid inception and was free from the taint of usury. It does not become invalid because, perhaps, the corporation was formed as part of a plan whereby the defendants might keep outside of the statute and still obtain a return from the investment greater than the rates allowed by the statute under other circumstances. (*Dunham* v. *Cudlipp*, 94 N. Y. 129.)

The corporate entity may be disregarded where it is used as a cloak or cover for fraud or illegality. For that there is ample authority. Here the corporate entity has been created because the statute permits a corporate entity to make a contract which would be illegal if made by an individual. The law has not been evaded but has been followed meticulously in order to accomplish a result which all parties desired and which the law does not forbid.

Corporations are, ordinarily, created because through the corporate form some advantage is obtained which would be denied to an individual or a group of individuals. That has been done here, and no ground has been shown for disregarding the corporate entity, though that entity has been · formed for the purpose of doing something permitted to a corporation but forbidden to an individual.

The test of whether this loan is usurious is whether it was in fact made to the plaintiff. Doubtless at times loans are made in fact to an individual though in form they are made to a corporation to hide the fact that the lender has exacted an illegal rate of interest from the real borrower. We do not now deal with such a situation. Here

the corporation was formed and the loan made to it, rather than to the individual who owned the corporate stock, because the parties sought to avail themselves of the rights the law accords to those who do business in corporate form under a franchise from the State. The fact that the sole owner of the stock of the corporation is an individual does not change those rights. He did not in his individual capacity borrow any money or agree to repay any money. The defendants have obtained a judgment against the corporation enforceable against property owned by the corporation at the time the action was brought. That judgment is based upon a valid contract. We do not now decide whether the plaintiff would be bound by the judgment if the contract had been tainted with usury.

The judgment of the Appellate Division and that of the Special Term should be reversed and the complaint dismissed, with costs in all courts.

CARDOZO, Ch. J., POUND, CRANE, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgments reversed, etc.