NEW YORK TITLE AND MORTGAGE COMPANY, Plaintiff, *v.* MAPLE-TREE ESTATES, INC., and Others, Defendants.

Supreme Court, New York County, January 12, 1931.

*Raymond P. Parker* [*J. Earl Williams* of counsel], for the plaintiff and defendant Psaty.

*Falk & Orleans* [*Arnold Dumey* of counsel], for the defendants Vogel and Boyland.

TOWNLEY, J. Motion by defendant Max Psaty to strike out the amended answer of defendants Isidor H. Vogel and John J. Boylan, verified November 17, 1930, and for judgment on the pleadings. Action to foreclose claimed first mortgage covering premises Nos. 427–457 West Fifty-first street, New York city, given to secure payment of principal sum of $350,000. The addition of paragraphs 26, 27, 32, 33, 34, 35 and 36 in present amended answer of said defendants to the claimed defenses contained therein fails to make same sufficient or valid defenses as against the moving

defendant Psaty. (See decision herein of October 28, 1930, by Justice WASSERVOGEL.)

The defendants Vogel and Boylan are alleged to be the assignees of a purchase-money mortgage; the said mortgage being made April 16, 1930, and duly recorded the next day, covering the designated premises. As appears from this amended answer the sale contract provided that the agreed purchase-money mortgage " * * * shall contain a clause making it subordinate to a first mortgage in the sum of three hundred and fifty thousand dollars, bearing interest at not more than six per cent, provided the purchaser shall have properly completed the erection of a six-story elevator apartment house containing not less than twelve apartments on each floor above the ground floor, and that the holder of the mortgage will at the cost and expense of the owner of the property, execute, acknowledge and deliver any and all instruments necessary to effect such subordination. * * * The purchaser further agrees that at or before taking title to these premises there will be delivered to the seller a bond in the sum of one hundred thousand dollars, in proper form satisfactory to the seller, executed and acknowledged by Louis Kovner, residing at 280 Riverside Drive, Manhattan Borough, New York City, which bond shall guarantee the erection and completion of a six-story elevator apartment house containing not less than twelve apartments on each floor above the ground floor, within eighteen months from date hereof." The said purchase-money mortgage contained this provision: " This mortgage shall be subordinate to a first mortgage in the sum of three hundred and fifty thousand ($350,000) dollars, with interest, provided there shall have been properly completed the erection of a six-story elevator apartment house containing not less than twelve apartments on each floor above the ground floor upon the premises herein described, and provided further that such building shall be clear of any and all mechanics' liens and departmental violations, and the holder of this mortgage will at the expense of the owner of the property execute and deliver proper instruments to effect such subordination."

The amended answer alleges that Louis Kovner duly furnished the required $100,000 bond, pursuant to the terms of the sale contract, and that the contemplated building has been erected on the designated premises. Thus all the conditions precedent specified in the said purchase-money mortgage were fully complied with, and, without more, the purchase-money mortgagee became obligated to execute a proper instrument or instruments to effect the subordination of such purchase-money mortgage. The purchase-money mortgagee secured exactly what was bargained for, and its lien on

the designated premises was properly subordinated to the plaintiff's $350,000 mortgage. That plaintiff did not advance the total of the principal sum stated in plaintiff's mortgage has no legal significance. Plaintiff's mortgage was made between corporations. Usury is no defense. Such mortgage remains valid though but a portion of the stated principal sum was actually advanced. (*Jenkins* v. *Moyse*, 254 N. Y. 319.) That plaintiff, a mortgagee, assigned a portion of its interest to or allowed participation in this valid mortgage by defendant Psaty, as an individual, in no way impairs its binding force and effect. The plaintiff rightfully could dispose of its interests as mortgagee to any one it chose without valid objection by the purchase-money mortgagee and without having the unwarranted result, as here urged, of converting this purchase-money mortgage from a subordinate lien to one of equal priority, in whole or in part. I consider these defendants have no valid or sound basis for their purported defenses as against the moving defendant Psaty.

Motion is granted, with ten dollars costs, to the extent of striking out the claimed defenses and without leave to amend or plead over. Order signed.