PAULINE SHERLING, Plaintiff, *v.* GALLATIN IMPROVEMENT Co., INC., and Others, Defendants.*

Supreme Court, Kings County, September 10, 1932.

---

* Revd., 237 App. Div. 535.

*Abraham Miller*, for the motion.

*Philip F. Wexner*, opposed.

CUFF, J. Action to foreclose mortgage on realty. Defendant Bakrat states that, at the time the mortgage became due, plaintiff agreed to renew it, if plaintiff was paid $3,800 by defendant Bachrach in addition to the legal rate of interest. After this arrangement was settled, plaintiff stated " before the mortgage would be extended a corporation would have to be formed and a deed would have to be made transferring these properties to that corporation so that the corporation could make the extension agreement." This is clearly subterfuge — using the corporation as a cloak to shield the illegal transaction.

Plaintiff relies upon *Jenkins* v. *Moyse* (254 N. Y. 319). In that case the defendant refused to lend to the individual, and told him to organize a corporation if he wanted the loan. In the case at bar, plaintiff said " the mortgage will be renewed only on condition that defendant (Bachrach) would pay, in addition to the 6% annual interest, a cash bonus in advance of $3,800." The distinction is that in the *Jenkins* case the loan was refused, while in this case it was agreed upon. In the *Jenkins* case the corporation was formed expressly to make the loan. Here the corporation was formed to conceal the loan agreed to be made to the individual. The difference is in the way the lender approached the deal. If he knew how, he could have brought himself within the *Jenkins* rule. On this motion defendant's affidavit is accepted at face value. It seems that the teeth have been extracted from the usury laws. Only the uninitiated fail to escape their requirements.

This plaintiff, who did not invoke the *finesse* of the usurer, must meet the defendant at a trial. The motion is denied.