Van Voorhis, J.
(dissenting): Defendants appeal from an order and judgment which granted plaintiffs’ moti.on to strike out defenses of usury, and awarded summary judgment to plaintiffs on promissory notes, secured by chattel mortgage on which they are maker and indorsers. Many of the evi *1109 dentiary facts requiring, as it seems to us, a denial of plaintiffs’ motion for summary judgment, appear from the answer itself. Although it is the function of an answer to allege ultimate rather than evidentiary facts, for which reason the answer alone is not ordinarily sufficient to defeat such a motion as this (Hardy v. Ziegenbalg, 230 App. Div. 708), nevertheless the present answer does state in detail the evidentiary facts on which the defense of usury depends. It is verified by defendant J. Valerie Haines, and sets forth upon her personal knowledge the matters which, in conjunction with those stated in the affidavit of Sidney B. Haines, would appear to entitle her and the other defendants to defend at a trial. Where essential facts on which a triable issue depends are stated in a pleading upon the personal knowledge of a party who would be a competent witness at the trial, there is no object in requiring such facts to be repeated in haee verba in the form of an affidavit by the same affiant. This is particularly true of the fact stated in the answer that J. Valerie Haines and not Haines Corp. repaid to plaintiffs the previous loans that had been made. That would appear to be a decisive fact, the significance of which is discussed hereafter.
J. Valerie Haines conducts a domestic motor sales business under the assumed name of Haines Motor Sales. She needed to borrow money to carry on this business, but, being unable tó obtain credit at the legal rate of interest, applied to plaintiffs-respondents, who were willing to advance the necessary funds at 6% interest plus a bonus. Plaintiffs objected to lending to her directly, however, on account of the hazard arising from the statutes against usury (General Business Law, §§ 370, 371, 373). They knew that the defense of usury could not be pleaded by a corporation (General Business Law, § 374), and, consequently, as defendants’ answer and answering affidavits set forth, the loans were made through Haines Corp., which made its notes that were indorsed by the other defendants. Haines Corp. had been organized for the importation of foreign automobiles, but was then out of business. There is no assertion that it owned or conducted the business of Haines Motor Sales then or at any other time.
The transaction in suit involves the third loan of this nature. Two previous loans, which followed the same pattern, were repaid by defendant J. Valerie Haines. On the occasion of the first of these loans, J. Valerie Haines assigned certain chattels to Haines Corp., on which it then executed a chattel mortgage to- plaintiffs. According to the answer and affidavits, she never transferred the business to Haines Corp., but continued to operate it herself and thus used the loans made by plaintiffs to further her individual purposes. The loans, according to this defense, were made by plaintiffs to Haines Corp. in form only. It gave its corporate notes and chattel mortgage, which J. Valerie Haines and the other defendants indorsed, but the proceeds of the loans were immediately paid by the corporation to J. Valerie Haines with the knowledge of plaintiffs according to a preconceived plan, and J. Valerie Haines became the primary obligor.
In devising this scheme to escape the effects of the usury laws, plaintiffs may have considered that they were protected by the rule of Jenkins v. Moyse (254 N. Y. 319), but the facts of that case are different. It involved a loan at more than legal interest to liquidate a mortgage and other liens upon real property which had been owned previously by an individual, but had been transferred to the corporation to which the loan was made. Unlike the present case, the proceeds of the loan were expended to serve the purposes of the corporation by extinguishing liens upon what had then become *1110 its real estate. The corporation was not allowed to defend on the ground of usury under its contention that the real property had been transferred to it merely for this purpose, inasmuch as it was a bona fide corporate transaction, the motivation of which was immaterial.
In the ease at bar, the affidavits are to the effect that plaintiffs knew that the proceeds of this loan were not to -be used for the purposes of Haines Corp. The loan was made to it as a conduit to conceal the fact that the money was really being borrowed by an individual. This ease comes within the, distinction drawn in Jenkins V. Moyse (supra), where the court said (p. 324) : “ The test of whether this loan is usurious is whether it was in fact made to the plaintiff. Doubtless at times loans are made in fact to an individual though in form they are made to a corporation to hide the fact that the lender has exacted an illegal rate of interest from the real borrower. We do not now deal with such a situation.”
In this instance, according to the answer and the affidavits, Haines Corp. merely acted as agent and for the accommodation of J. Valerie Haines, as all of the parties to the transaction, including the plaintiffs, knew and understood beforehand. It is true that certain items of personal property had been transferred by J. Valerie Haines to Haines Corp., on which it had executed and delivered to plaintiffs a chattel mortgage to secure promissory notes on the occasion of a previous loan. Defendants aver that this was a sham transfer, and that it was understood between all parties that title to these chattels remained in J. Valerie Haines, and that these chattels were to have been retransferred to J. Valerie Haines after having served their purpose as a cloak for the transaction. There is no contention that the proceeds of even the earlier loan went to purchase these chattels from J. Valerie Haines, and any such contention would be rebutted by the fact that the previous loan was repaid by J. Valerie Haines and not by the corporation. There is no claim that these chattels were worth the amount of the loan, and whether they had any relation to the payment of the proceeds to J. Valerie Haines of even the previous loan, would be a triable issue, if material. There is a triable issue whether they were transferred to the corporation in reality or in name only. There is a triable issue whether Haines Corp. were merely an accommodation maker of the notes in suit. The corporation is claimed to have derived no benefit, since the proceeds of this loan went entirely to J. Valerie Haines for use in the business conducted by her under the assumed name of Haines Motor Sales. Even if judgment should go against Haines Corp., and plaintiffs be permitted to levy against these chattels standing in its name, the question would remain whether the individual defendants are personally liable.
There is a triable issue, as regards the corporation, concerning whether Haines Corp. has a defense of ultra vires, inasmuch as the affidavits indicate that plaintiffs were familiar from the beginning with the steps in this plan, including the circumstance, supported by evidentiary facts, that Haines Corp. derived no benefit from any part of this transaction. That the answer of the corporation fails to plead the defense of ultra vires does not require the granting of summary judgment to plaintiff against it; the answer may be amended (Curry v. Mackenzie, 239 N. Y. 267). The affidavits fail to indicate that Haines Corp. had any corporate interest in promoting loans to J. Valerie Haines personally for conducting her private business of Haines Motor Sales, but, on the contrary, they tend to indicate that it had no such interest and could derive no advantage in its corporate capacity from the making of these loans. There was at least a triable issue by Haines Corp. concerning whether *1111 its formal execution of these notes bound it as a corporation, apart from any defense of usury. The corporation could hardly be estopped on the ground that it had received the benefits, since part of the plans to which plaintiffs were parties, is averred to have been that the corporation should receive no benefit. Perhaps the defense of ultra vires has been waived, unless the transaction be regarded as malum in se, if the indorsers of these notes included all of the stockholders, but, if the indorsers owned all of its outstanding shares at the time of the transaction, that fact has not been made to appear. Ratification or waiver is ordinarily the subject of a trial.
It is true that not every accommodation note by a corporation is ultra vires (cf. Bench & Hardy Co. v. John J. Hanson, Inc., 247 App. Div. 355, 359, citing Bacon v. Montauk Brewing Co., 130 App. Div. 737), but that does not alter the circumstance that the person who receives the proceeds and for whose benefit the loan is made becomes the primary obligor, regardless of the form of the instrument. Even if Haines Corp. were to be defeated upon a defense of ultra vires, the individual defendants would not be precluded from pleading usury as indorsers if the corporation maker was not the primary obligor. It may well be that a corporation cannot plead the defense of usury in view of section 374 of the General Business Law, notwithstanding that it is an accommodation maker and that the instrument may have been void in its inception when delivered by the indorser who received the money and became the primary obligor. It was so held in Stern & Co. v. Pizitz (240 App. Div. 509) except that the decision was placed upon the ground that the payee was also a corporation. The opinion therein states (p. 510): “ The note had no inception as a negotiable instrument until transferred for value. (Kennedy v. Heyman, 183 App. Div. 421.) This is conceded by the defendant. Any exaction of interest for more than the legal rate then took place. The corporate payee which received the money at the inception of the note could not plead such defense. (General Business Law, § 374.) The defendant, as surety, likewise should not be entitled to the benefit of such defense. (Rosa v. Butterfield, 33 N. Y. 665; Stewart v. Bramhall, 74 id. 85.) ”
In the present ease, the notes in suit apparently had no inception until, pursuant to a plan to which plaintiffs were parties, the notes were delivered and the proceeds of the loan were paid to J. Valerie Haines, an indorser. It is true that the defense of usury is not available to individual indorsers, if they are secondarily liable to a corporation maker for value. Thus, in the recent case of General Phoenix Corp. v. Cabot (300 N. Y. 87, 95) it was stated: “ Since the principal obligor may not plead usury (General Business Law, § 374; Jenkins v. Moyse, 254 N. Y. 319), the surety is unable to do so; as far as the underlying debt is concerned, he stands in the shoes of his principal and can avail himself of only those defenses available to it (Salvin v. Myles Realty Co., 227 N. Y. 51).” On the other hand, where the triers of the fact could find that an individual is the principal debtor, as here, and the corporation maker secondarily liable, if liable at all, the basis is removed for the application of the rule that an individual surety cannot plead usury where the principal debtor is a corporation. Regardless of whether Haines Corp. can defend this action on the ground of usury, J. Valerie Haines and the other defendants may be found to be differently situated. The availability of the defense of usury is to be determined in view of the fact that she may well be the primary debtor.
The opinion in Newman v. Bore (275 N. Y. 371, 380) cites Jenkins v. Moyse (254 N. Y. 319, supra) in support of the philosophy that “ Reality, not *1112 appearance should determine legal rights.” The context was that a transfer of property by a decedent in his lifetime, made to escape the consequences of section 18 of the Decedent Estate Law, is not to be tested by whether it was made for the purpose of avoiding the effect of that statute but by whether the transfer itself was real or illusory. The same principle was applied in Jenkins v. Moyse (supra), which was cited to support it. In Jenkins v. Moyse (supra), as has been said, real property was transferred to a corporation, subject to liens which were afterward paid out of moneys loaned to the corporation. Payment of such liens was a corporate purpose. The transaction was real and not illusory. The corporation was not a blind to conceal a loan really made to its principal stockholder. The distinction drawn by Justice Cuff in Sherling v. Gallatin Improvement Co. (145 Misc. 734, 735) is valid here: “In the Jenkins case the corporation was formed expressly to make the loan. Here the corporation was formed to conceal the loan agreed to be made to the individual.” A like result was reached by this court, although before the decision in Jenkins v. Moyse (supra), in Anam Realty Co. v. Delancey Garage (190 App. Div. 745). It may be true, as Justice Cuff adds, that “Only the uninitiated fail to escape” the requirements of the usury laws, and that plaintiffs here might have brought themselves within the Jenkins rule if they had required J. Valerie Haines to assign her automobile business to the corporation, with the consequence that the proceeds of the loan would then have been used for a corporate purpose in defraying financial obligations of the automobile sales business.
The tendency to limit the application of the usury laws should not be indulged to the extent of altering and confusing customary rules governing commercial transactions and relationships. In Fraw Realty Co. v. Natanson (261 N. Y. 396, 406) discussing Jenkins v. Moyse (supra), the Court of Appeals said: “ The effort here is of quite a contrary nature. Those who created a corporation seek, not to insist upon the reality of the corporate form, but to have it ignored * * *.” That appears to be the situation here.
Triable issues were presented. Defendants-appellants’ answer should not have been stricken out, and summary judgment should not have been granted against them.
The order appealed from should be reversed, with costs, and plaintiffs’ motion should be denied.
Peck, P. J., Cohn and Callahan, JJ. concur in Per Curiam opinion; Van Voorhis, J., dissents and votes to reverse and deny plaintiffs’ motion in an opinion, in which Dore, J., concurs.
Order affirmed, with $20 costs and disbursements to the respondents.