**DAVID'S SPECIALTY SHOPS, Inc., Plaintiff,**

**v.**

**James W. JOHNSON, Collector of Internal Revenue, Third District, New York, Defendant.**

United States District Court
S. D. New York.
May 20, 1955.

Brozan & Holman, New York City, for plaintiff, Aaron Holman, New York City, of counsel.

J. Edward Lumbard, U. S. Atty. for the Southern Dist. of N. Y., New York City, for defendant, Maurice N. Nessen, Asst. U. S. Atty., New York City, of counsel.

PALMIERI, District Judge.

This action is brought to recover $49,-653.11 representing an alleged overpay-ment of income and excess profits taxes for the fiscal year ended July 31, 1943. The plaintiff filed a consolidated return for the said fiscal year with the D & H Israel Holding Corp. (Holding Corp.) in which the plaintiff deducted from its net income a net loss of Holding Corp. This deduction was disallowed, a deficiency was determined and paid, and plaintiff instituted this action.

The issue is whether under section 141 of the Internal Revenue Code of 1939, 26 U.S.C.A. § 141, plaintiff was entitled to file a consolidated return with Holding Corp. for the fiscal year ending July 31, 1943. Section 141(a) provided that "an affiliated group of corporations shall * * * have the privilege of making consolidated * * * returns for the taxable year in lieu of separate returns * * *," and section 141(d) defines an "affiliated group" in terms of stock ownership. The Government does not deny that plaintiff's relationship with Holding Corp. meets the stock ownership requirements of section 141(d), but it contends that Holding Corp. could not be a member of an "affiliated group" within the meaning of section 141 because its relationship with plaintiff served no purpose other than that of tax reduction.

■ The Government's position that a corporation cannot be a member of an "affiliated group" within section 141 of the Internal Revenue Code of 1939 unless its membership serves a business purpose in addition to or other than that of tax reduction is correct. J. D. & A. B. Spreckels Co., 1940, 41 B.T.A. 370; see Helvering v. Gregory, 2 Cir., 1934, 69 F.2d 809, affirmed 1935, 293 U.S. 465, 55 S.Ct. 266, 79 L.Ed. 596; Hunter Manufacturing Corp., 1953, 21 T.C. 424. Hence, the only question to be determined is whether Holding Corp.'s affiliation with the plaintiff served a business purpose in addition to or other than that of tax reduction.

When Holding Corp. was organized in 1931 plaintiff's predecessor and David and Harry Israel were jointly and severally obligated to the Buffalo Savings Bank on a mortgage bond on certain

460

mortgaged real estate in Buffalo, New York. David and Harry Israel were the active managers of the business of plaintiff's predecessor and their wives were the sole holders of the stock of Holding Corp. and plaintiff's predecessor. Holding Corp. was organized for the purpose of taking title to the mortgaged real estate and replacing plaintiff's predecessor and David and Harry Israel as obligor on the mortgage bond. This purpose was realized in 1935 when Holding Corp. consummated a loan for the unpaid balance due on the mortgage and was accepted by the mortgagee as sole obligor on the bond.

Holding Corp. owned the property from 1931 until it was sold to one S. A. Anderson in 1943. In 1942 it tried to induce the Bank to accept a deed to the property in exchange for a general release. The Bank refused and, according to the testimony of plaintiff's comptroller, stated that in the event of default by Holding Corp. (which had few assets other than the mortgaged real property), it would attempt to hold plaintiff liable on the bond. On or about April 16, 1943, Holding Corp. and the Bank entered into an agreement that the Bank would release Holding Corp. from liability on the bond if Holding Corp. paid it $16,000 and if S. A. Anderson or another responsible person became liable on a bond and mortgage for $70,000. On or about April 21, 1943 the sole stockholders of Holding Corp., the wives of David and Harry Israel, donated all of the stock in Holding Corp. to the plaintiff, and on or about April 28, 1943 Holding Corp. sold the real property to S. A. Anderson. Anderson executed a mortgage and bond for $70,000 in favor of the Bank, and Holding Corp. paid the Bank $16,000 plus interest and other expenses with money advanced to it by plaintiff. Title was transferred to Anderson on May 1, 1943 and Holding Corp. was dissolved on July 31, 1943.

Plaintiff was dissolved at the same time that Holding Corp. was dissolved and a partnership, which took over plaintiff's assets, was formed. These events took place after a year in which plaintiff had earned about $200,000, which was about three times the amount plaintiff had earned since it came into existence in 1931. These facts and the testimony of plaintiff's comptroller indicate that plaintiff's acts of (1) affiliation with Holding Corp., (2) dissolution of Holding Corp. and itself, and (3) the formation of a partnership were all taken with a view to their tax reducing consequences. But this does not make the affiliation with Holding Corp. ineffective as a consolidation for tax purposes any more than it makes the dissolution of the corporations and the formation of a partnership ineffective for tax purposes. See Helvering v. Gregory, supra. If plaintiff's affiliation with Holding Corp. served a purpose other than or in addition to that of tax reduction, plaintiff may take advantage of the tax benefit that accrued to it by reason of the affiliation. I therefore turn to the question of whether plaintiff's affiliation with Holding Corp. served a purpose other than or in addition to that of tax reduction.

Plaintiff introduced evidence tending to prove that counsel advised it that the mortgagee Bank might be able to hold it liable on the bond because of the close relationship between it and Holding Corp., and that it would be unwise for plaintiff to subject itself to a lawsuit by the Bank because such a suit might adversely affect its credit standing. Plaintiff also introduced evidence that its affiliation with Holding Corp. was based on the advice of counsel. Plaintiff argues that the business purpose for its affiliation with Holding Corp. was the fear of this possible liability and the adverse effect that a lawsuit by the mortgagee might have on its credit standing.

In this action plaintiff has the burden of proving that there was a business purpose in addition to or other than tax reduction for its affiliation with Holding Corp. See United States v. Anderson, 1926, 269 U.S. 422, 46 S.Ct. 131, 70 L.Ed. 347; Weiss v. Johnson, 2 Cir., 1953, 206 F.2d 350. Plaintiff has not sustained its burden. Mere statements

to the effect that counsel advised plaintiff that because of the close relationship between it and Holding Corp. plaintiff might be held liable on the bond are not sufficient. Plaintiff had to show the nature of the close relationship between it and Holding Corp. that would justify the fear of possible liability. This plaintiff failed to do. Indeed, the evidence indicates that the fear that plaintiff might be held liable on Holding Corp.'s bond was not justified. Holding Corp. was formed for the purpose of eliminating the liability of plaintiff's predecessor and two individuals on the bond by substituting Holding Corp. as obligor in their stead. The mortgagee accepted Holding Corp. as sole obligor instead of plaintiff and the two individuals. Concededly, and as a matter of record, it was the sole obligor. Having accepted Holding Corp. as the party liable to it on the bond, the mortgagee Bank could not assert the liability of any one else; and plaintiff has failed to spell out the basis for such an eventual claim. Furthermore, Holding Corp.'s status as a separate entity was scrupulously respected throughout its existence. Holding Corp. had its own officers, directors, and books. It paid its own taxes when it had income. When it borrowed money from plaintiff or other persons the loans were reflected on its books, and when it repaid the loans, that too, was reflected on its books. Thus, the evidence shows that plaintiff had no reasonable cause to fear that it would be held liable on Holding Corp.'s bond in the event Holding Corp. failed to pay the mortgagee. See Jenkins v. Moyse, 1930, 254 N.Y. 319, 172 N.E. 521, 74 A.L.R. 205; International Aircraft Trading Co., Inc., v. Manufacturers Trust Co., 1948, 297 N.Y. 285, 292, 79 N.E.2d 249, 252. Since plaintiff had no reasonable basis to fear liability on the bond, its fear cannot be the business purpose for its affiliation with Holding Corp. Action motivated by a groundless fear cannot be considered motivated by a business purpose. If it were so considered, it would make the business purpose requirement ineffectual as a means of distinguishing between transactions motivated solely by tax reduction and transactions motivated by other or additional business considerations.

The same reasoning requires the conclusion that (1) action motivated by threats of legal action in which the person threatening suit has no reasonable basis for recovery and (2) action taken in reliance on an unjustified and mistaken opinion of counsel cannot be considered motivated by a business purpose.

But even if plaintiff had reason to fear that it would be held liable on the mortgage bond if Holding Corp. failed to pay a deficiency, it has still failed to show a business purpose for its affiliation with Holding Corp. The evidence does not contain any reason why plaintiff could not have advanced the money required to satisfy the mortgagee without affiliating with Holding Corp. What evidence there is indicates that the reverse is true. Plaintiff's comptroller testified that it had been plaintiff's established practice to lend Holding Corp. money when Holding Corp. needed money. The same practice could have been followed in advancing the money required by the mortgagee.

Since plaintiff has failed to sustain its burden of proving that its affiliation with Holding Corp. was motivated by any reason other than tax reduction, it has not shown that it was entitled to file a consolidated return with Holding Corp. for the fiscal year ending July 31, 1943, under Section 141 of the Internal Revenue Code of 1939.

This conclusion makes it unnecessary for me to decide whether the loss was sustained before or after the date of Holding Corp.'s affiliation with plaintiff.

Judgment for defendant. Settle order on notice.