Bernard S. Meyer, J.
Motion for summary judgment in an action to foreclose a mortgage is granted. The mortgage sought to be foreclosed is a consolidated first mortgage in the amount of $25,000 originally held by a bank. An earlier foreclosure proceeding brought by the bank terminated when plaintiffs purchased the first mortgage from the bank at par and loaned an additional $17,500 on a second mortgage. Payment of principal on the first mortgage was extended to May 15,1959 at which time principal on the second mortgage was also due. At the time of closing on the mortgage transaction on May 15, 1958 an escrow letter was executed pursuant to which $3,040.09 was deposited with plaintiff Bloom —
‘ ‘ in escrow and to apply the same for the following uses and purposes, to the extent that the same is available:
“ 1. Payment of taxes affecting the premises owned by us secured by the first mortgage acquired by Murray Bloom and Celia Lifschitz from the Hempstead Bank for $25,000., and the second mortgage made by us to Murray Bloom and Celia Lifschitz for $17,500.
“ 2. Payment of fire insurance premiums on the buildings affected by the above mortgages.
“ 3. Payment of interest on the above mortgages.”
The escrow letter further stated: “We understand that the deposit of this escrow does not relieve us of the responsibility for making all payments required to be made pursuant to the terms and conditions of the two mortgages, and, in the event the sum deposited with you in escrow herewith is insufficient to make the payments required to be made under said mortgages, we will on five days written notice deliver to you the necessary funds to meet all payments required to be made pursuant to the terms of the mortgages.”
On November 1, 1958 defendant was notified that the balance in the escrow account was insufficient to pay the November interest on the two mortgages. The November and December interest payments not having been made, plaintiffs commenced this action.
Defendants’ answer is a denial of default and an affirmative defense that the escrow fund was sufficient to pay the interest *760 payments due on said mortgages. In the moving papers on this motion it is contended that the escrowee was obligated to pay interest on the first mortgage first, that there was an oral representation that if the escrow fund were insufficient plaintiff Bloom would advance the funds necessary to carry the property for a period of one year, and that the second mortgage was usurious because a bonus was paid and, though the loan was made to a corporation, it was in reality a loan to the individual defendants. Although none of these contentions are properly pleaded, they will be considered.
Since the escrow agreement called for “ payment of interest on the above mortgages ”, it was, at least, contemplated that interest on both was to be paid from the fund concurrently. The moving papers show, and it is not denied, that taxes of $13.25 were paid on May 21, 1958; $751.02 on August 1, 1958, and $952.62 on November 1, 1958 and that insurance of $235.87 was paid on August 1, 1958. These payments total $1,952.76 and leave a balance of $1,087.33 for the payment of interest. Since interest on the two mortgages totalled $212.50 per month, the interest payments for the months of June through October totalled $1,062.50, leaving a balance insufficient to pay the November interest.
With respect to the alleged oral representation, the parol evidence rule would exclude its consideration as in contradiction of the express provisions of the mortgage. (Fogelson v. Rackfay Constr. Co., 300 N. Y. 334.) In addition, it is flatly contradicted by the last paragraph of the escrow agreement, a document executed with advice of counsel.
As concerns the usury argument, the corporation here involved was in existence for at least three months prior to the making of the loan, was brought into existence with advice to the individual defendants of counsel, and for a purpose of which defendants were fully aware. This is not the situation of the one and two-family home owners which the recent amendments of General Business Law (§ 374) was intended to prevent. That amendment, rather, carved an exception out of the previously well-recognized rule that a lender may refuse to deal with individuals and insist upon the creation of a corporation, even though his sole purpose is to avoid the usury law. (Jenkins v. Moyse, 254 N. Y. 319; New York Credit Men’s Assn. v. Manufacturers Discount Corp., 298 N. Y. 512; Werger v. Haines Corp., 302 N. Y. 930.)
Settle order on notice.