■    SOHMER FACTORS CORP., Appellant, v. 187–20 TIOGA DRIVE CORP. et al., Respondents, et al., Defendants.— In an action by the assignee of a second mortgage on real property to foreclose the mortgage and for other relief, the appeal is (1) from an order denying appellant's motion for summary judgment striking out the amended answer of respondents 187–20 Tioga Drive Corp., Cliffert Smith and Dorothy Smith and granting their cross motion and the cross motion of the People of the State of New York for summary judgment dismissing the amended complaint, and (2) from the judgment entered upon said order dismissing the amended complaint upon the merits against the moving respondents. Order modified by striking therefrom everything following the words " plaintiff's motion " in the first ordering paragraph and by substituting therefor the words " and defendants' cross motions are in all respects denied." As so modified, order unanimously affirmed, without costs, and judgment vacated. In 1954 the individual respondents, owners of a one-family dwelling, applied to appellant's assignor for a loan. The assignor, as a condition to making the loan, insisted that the property be transferred to a corporation, to which the loan would be made, secured by a second mortgage on the aforesaid property. The obvious purpose was to permit the assignor to receive a consideration for the loan in excess of that permitted by section 370 of the General Business Law, limiting the amount of lawful interest on loans to individuals. The respondent corporation was thereupon organized, the individual respondents being the sole stockholders and officers thereof. On the day following the filing of the certificate of incorporation, the note and mortgage which are the subject of this action were executed on behalf of the corporation, in the principal amount of $4,200 with interest at 6% and were delivered to the assignor, in return for which the assignor issued and delivered three checks totaling $2,690, two of which were drawn to the order of the individual owners and the third to a credit union designated by them, allegedly in payment of a prior indebtedness from them to the credit union. No other consideration appears to have been given for the note and mortgage. Said corporation and the individual respondents have appeared and answered, interposing the defense of usury. Section 374 of the General Business Law was amended by chapter 673 of the Laws of 1955, effective April 25, 1955, excepting from its operation corporations in a designated category to which the one involved in this action belongs. By chapter 968 of the Laws of 1957, said section was further amended so as to permit such a corporation to interpose the defense of usury in an action or proceeding instituted for the collection, enforcement or foreclosure of a note, bond or

mortgage executed by such a corporation and effective.'prior to April 6, 1956. Appellant contends that said amended section, as applies to notes, bonds and mortgages executed prior to its effective date, is void, in that it impairs the obligations of a contract within the meaning of section 10 of article I of the Constitution of the United States. In our opinion, the statute, applied retroactively, violates the said constitutional provision. Prior to the 1955 amendment, loans to corporations were not within the usury laws (*Rosa* v. *Butterfield,* 33 N. Y. 665, 670; *Stewart* v. *Bramhall,* 74 N. Y. 85; *Matter of Smith,* 280 App. Div. 947, affd. 305 N. Y. 764). A bona fide loan to a corporation was valid, even if the corporation was organized for the express purpose of avoiding the usury statutes (*Jenkins* v. *Moyse,* 254 N. Y. 319). If the defense of usury is now permitted to be interposed, the appellant will be unable to enforce vested contractual rights lawfully acquired before the passage of the amendments to section 374 of the General Business Law (cf. *Sohmer Factors Corp.* v. *278 Corp.,* 13 Misc 2d 142). Such a result may not be permitted under guise of remedial legislation (*Worthen Co.* v. *Kavanaugh,* 295 U. S. 56; *Sliosberg* v. *New York Life Ins. Co.,* 244 N. Y. 482). It was therefore error to dismiss the amended complaint. It does not appear, however, from this record that any money was paid to the corporation upon the note and mortgage. There is also evidence that, contemporaneously with the deed from the individual respondents to the corporation, a deed was executed on behalf of the corporation, reconveying the property to the individual respondents. An issue of fact is thus raised as to whether or not there was a bona fide loan to the corporation (cf. *Jenkins* v. *Moyse, supra*). A similar issue exists as to the effect of the estoppel certificate executed by the mortgagor (cf. *Merwin* v. *Romanelli,* 141 App. Div. 711). Appellant's motion for summary judgment was therefore properly denied. Present — Nolan, P. J., Wenzel, Beldock, Murphy and Ughetta, JJ. [9 Misc 2d 862.]