Charles A. Loreto, J.
Defendants, husband and wife, desired to purchase a one-family home. Lacking the necessary money to meet the cash payment over the proposed mortgages, they applied to plaintiff for a loan.
Plaintiff is in the business of advancing money on real estate mortgages. The court believes that in order to exact more than the legal interest rate it required the defendants, who operated a small business under the corporate name of Warren Hardware Corporation, to execute instruments whereby it appears that that corporation requested a loan of $4,000, agreed to repay it, and agreed to permit plaintiff to pay therefrom 25%, or $1000, for brokerage commission and other expenses in connection with the making of the loan. Plaintiff also procured the signature of the individual defendants to a guarantee of the payment of $4,000. Also plaintiff obtained the signature of defendant Pearl Oconefsky to a bond for said amount and as collateral security her signature to a mortgage covering the one-family home.
Plaintiff has brought this suit to foreclose that mortgage, alleging a balance due thereon of $1,231.91, with interest. Defendants have interposed the defense of usury.
The several instruments relating to the transaction all bear the same date, presumably executed on that date. Receipt of $4,000 from plaintiff is acknowledged by Warren Hardware Co. Inc. over the signature of defendant Pearl Oconefsky without any designation of office.
The court is satisfied that the proof sustains the finding that plaintiff, through its president, knew that the loan was made by the defendants to aid them in making the purchase of a one-family home; also that plaintiff’s president, through its attorney, knew that the $3,000 he caused to be delivered at the closing went directly and immediately toward meeting the down payment for the home purchased by the defendants and that the money advanced was not used in the business of the defendants’ corporation. Plaintiff’s president testified that it paid $1,000 in cash to the broker. The broker did not testify to the receipt of this money for services rendered in the transaction. The court disbelieves the payment of such an amount to the broker.
The court finds that despite the apparent form of the transaction as one had with a corporation, in reality the loan was intended to be made to the individual defendants and in fact was made to them for the purchase of a one-family home and that under the facts of this case, the defense of usury should prevail.
*747 Although usury would, not he available to a corporation on a loan made to it and therefore would not be available to guarantors of such a loan, when in fact the loan is not made to the corporation the statutory immunity does not apply. Nor, significantly, would the exemption from the defense of usury apply to a corporation which owns only a two-family dwelling (General Business Law, § 374, subd. 2). In Jenkins v. Moyse (254 N. Y. 319, 324) it is stated: “ The test of whether this loan is usurious is whether it was in fact made to the plaintiff. Doubtless at times loans are made in fact to an individual though in form they are made to a corporation to hide the fact that the lender has exacted an illegal rate of interest from the real borrower.” (See, also, Shapiro v. Weissman, 7 A D 2d 752.)
Although in the Jenkins case the Court of Appeals did not deal with a factual situation such as is found by the trial court, it stated the law which would apply to this case.
Therefore, after trial, the motion to dismiss the complaint is granted and the defendants granted judgment on their counterclaim declaring the mortgage null and void.