■ THE PEOPLE OF THE STATE OF NEW YORK v. CLIFFORD CLARKE.— Motion for reargument denied. Motion, insofar as it seeks leave to appeal to the Court of Appeals dismissed, without prejudice. (See Code Crim. Pro., § 520.) Concur — Breitel, J. P., Rabin, Valente, Eager and Bergan, JJ.

## (April 18, 1963)

■ MONA DRUSINE, Respondent, v. LEON DRUSINE, Appellant.— Order entered February 7, 1962 unanimously modified on the law and the facts, without costs, to delete the sixth decretal paragraph providing for the payment by defendant to plaintiff of the sum of $125 weekly alimony, and, in lieu thereof, to provide that the defendant shall pay to plaintiff the sum of $45 weekly for her support and maintenance, the sum of $20 weekly for general support and maintenance of infant daughter, and $50 weekly, 52 weeks a year, to be applied toward college or university expense and maintenance of said daughter during the period that she is enrolled as a student and pursuing a course of instruction in a college or university, and said order otherwise unanimously affirmed, without costs. It clearly appears that the earning and financial ability of the defendant is such that he should be required to pay sums reasonably required for the support and maintenance of his wife and daughter but the allowances should have been fixed with due regard to the standard of living to which the wife and daughter were accustomed and with due regard to the wife's independent earnings and financial resources. (*Phillips* v. *Phillips,* 1 A D 2d 393; *Hearst* v. *Hearst,* 3 A D 2d 706.) Settle order on notice. Concur — Botein, P. J., Breitel, Stevens, Eager and Steuer, JJ.

■ ANNE TELL et al., as Assignees of EVER BEST PROVISIONS, INC., Appellants, v. GENERAL MEAT CORP., Respondent.— Determination of Appellate Term affirming judgment of Municipal Court dismissing plaintiffs' complaint, unanimously reversed on the law and the facts, and judgment directed for plaintiffs against the defendant for $2,758.84, with interest and with costs. This was a nonjury trial and this court, on the appeal duly allowed and taken to it, should render the judgment which, on the law and the facts, the trial court should have granted. (Civ. Prac. Act, § 584; 9 Carmody-Wait, New York Practice, § 204, p. 627.) On the trial it was established that the account, as sued for, for goods sold and delivered, was owing by defendant to plaintiffs' assignor, Ever Best Provisions, Inc., a corporation. Defendant, however, claimed the right to a setoff of an indebtedness, exceeding the amount of the account, alleged to be owing to it by the assignor Ever Best. Such indebtedness had been originally incurred by another corporation and guaranteed by an individual, who was indirectly a stockholder and beneficially interested therein and who was also a stockholder in Ever Best. The corporations were in law independent entities and the evidence is insufficient to sustain a finding that they were mere instrumentalities of the afore-mentioned individual and his brother or that, for other reasons, there should be a disregarding of the corporate entities. (See 11 N. Y. Jur., Corporations, §§ 9–12, and cases cited; also *Jenkins* v. *Moyse,* 254 N. Y. 319, 324; *City Bank Farmers Trust Co.* v. *Macfadden,* 13 A D 2d 395, 402, 403, aff'd. 12 N Y 2d 1035.) The record here will not support a finding that plaintiffs' assignor was chargeable with liability for the indebtedness which was claimed as a setoff. Settle order on notice. Concur — Breitel, J. P., Rabin, Eager, Steuer and Bastow, JJ.