## In the Matter of JONAS P. BELIN, an Attorney, Respondent, MONROE COUNTY BAR ASSOCIATION, Petitioner.

Fourth Department, November 1, 1963.

*Leon N. Armer, Assistant District Attorney,* for petitioner.

*George J. Skivington* for respondent.

*Per Curiam.* Respondent was admitted to the Bar by this court on June 30, 1936. The charges herein grow out of certain transactions between him and a client, Mrs. Angelina Taccone. Respondent was a stockholder and officer in two lending corporations, the stock of which was closely held by respondent and members of his family.

Mrs. Taccone was desirous of purchasing certain commercial real estate and was taken by a broker to respondent who agreed to arrange a loan for her in the amount of $7,000. She was told by respondent that the loan would cost her $1,400 representing 20% of the amount thereof. Subsequently the client brought cash and checks totaling $12,445 to respondent, who gave her a receipt for $11,045 and told Mrs. Taccone that the " $1,400 wasn't to be on the record ". Respondent testified that the $1,400 was deposited to the credit of one of the lending corporations as " discount money on the mortgage ".

For reasons unnecessary here to relate the purchase of the realty by Mrs. Taccone was never consummated. The fund of $12,445 remained in the possession of respondent or one of the discount companies and concededly over a period of two years respondent advanced therefrom substantial sums of money to Mrs. Taccone. In May, 1959 respondent submitted an accounting to the client which showed a claimed balance due

to him of $5,163.75. Included in the claimed debits against the fund in respondent's possession were four charges for legal services totaling $6,549.

The principal item therein was a charge of $4,524 for legal services and disbursements in an action brought by respondent for Mrs. Taccone against the proposed vendor of the realty. Upon the hearings herein two members of the Bar testified that the fair and reasonable value of respondent's services and disbursements in this matter was the sum of $774.

At another stage in the negotiations an oil company proposed to purchase from Mrs. Taccone the realty that she expected to buy but never did. An application was made for a change of zoning. Respondent appeared at the hearing and spoke on behalf of his client's application. The change of zoning was granted. His charge for services was $1,500. The attorneys called by petitioner testified that the fair value of his services was $200.

Respondent's total charge in the four matters was $6,549. Petitioner's witnesses testified the fair value of his services and disbursements therefor was a total of $1,259. All of this is not in serious dispute. At preliminary hearings before the Grievance Committee respondent conceded that he was not entitled to the claimed balance due of $5,163.75, but to the contrary owed Mrs. Taccone $676.25. This represented a total overcharge of $4,477.50 in all matters and included the overcharge of $4,290 in the four items above enumerated.

We concur in the findings of the Supreme Court Justice to whom these charges were referred that the making of these grossly excessive charges constituted unprofessional conduct (*Matter of Cohen,* 169 App. Div. 544, 547). In addition he has found that respondent undertook to arrange the formation of a corporation for the conduct of Mrs. Taccone's business affairs so that gross interest rates in excess of 6% could be charged (cf. *Jenkins* v. *Moyse,* 254 N. Y. 319). We concur in that finding. "While commercial activities are not forbidden a lawyer, he 'must see that his dealings as a business man are as upright as should be his dealings in his professional capacity' * * * nor may he escape ethical responsibility by donning corporate garb" (*Matter of Chartoff,* 16 A D 2d 277, 280).

Respondent should be suspended for a period of three months.

WILLIAMS, P. J., BASTOW, GOLDMAN, McCLUSKY and HENRY, JJ., concur.

Order entered suspending respondent for three months and until the further order of the court.