Millard L. Midonick, J.
The motion for summary judgment in lieu of complaint is granted. Plaintiff makes out a case warranting the court as a matter of law in directing judgment in its favor, subject however to the triable issue of fact as to the amount or extent of damages. (CPLR 3213, 3212, subds. [b] and [c].)
*450 The only common ground between the moving papers and the opposing papers seems to be that $2,785 remained to be repaid by defendant to plaintiff on the note, at the time of default. The court follows the plaintiff only one step beyond that, to the extent of calculating 15% attorney’s fees of $417.75 as provided by the note. All other calculations are an enigma (par. 4 of the Irving Wolf affidavit dated Sept. 21, 1965) which .the analysis by defendant complains of but does not clarify. Consequently the court hereby orders an immediate hearing before myself at 10:00 a.m. at 111 Centre Street, New York City on January 12, 1966, to assess the amount or the extent of the damages.
Two defenses of illegally usurious interest are asserted by defendant in opposition to summary judgment. The defense asserting that the defendant corporation was formed solely to evade and avoid the laws protecting natural persons from usurious interest is not well taken, as indicated by the square holding in Jenkins v. Moyse (254 N. Y. 319).
The defense that chapter 328 of the Laws of 1965, makes the charging of more than 25% interest in a corporate loan a felony (General Obligations Law, § 5-521, subd. 3) as described in section 2401 of the Penal Law, cannot bar the summary judgment here. This loan was made and this note taken on September 19, 1963, while the above new corporate usury statute was effective July 1,1965. The illegality, if any, cannot be retroactive. U. S. Const., art. I, § 10; see 3 Sutherland, Statutory Construction [1943], p. 380.)
Whether or not interest after July 1, 1965 effectively exceeds 25% per year is doubtful, and whether or not the new statute was intended to limit this pre-existing transaction to 25% is also doubtful. (See the Governor’s memorandum of approval of this law dated June 7, 1965, 1965 Legis. Annual, p. 509.) This transaction had all of the earmarks of a business transaction, without any of the badges of loan sharking as described by the Governor above. At most the court may limit post July 1, 1965 interest to 25%, and it is quite likely that plaintiff will so stipulate to avoid any problem of illegality. See Sutherland, Statutory Construction (vol. 3 [1943], § 7008) indicating that penalties and forfeiture should be avoided and statutes should not be converted from shields of protection to swords of offense.