(April 17, 1969)

■ SAMUEL RANHAND, Respondent, v. IRVING SINOWITZ, Appellant.— Order entered on August 16, 1968, denying defendant's own motion for summary judgment affirmed, with $50 costs and disbursements to respondent. The cross motion was made in response to plaintiff's application, pursuant to CPLR 3213, for judgment upon a series of promissory notes totaling $56,104.50. Defendant interposed a defense of usury. With respect to such defense plaintiff asserts that although the loans in form appear to be made to defendant individually, they were in fact made to corporations controlled by the defendant and therefore are not subject to the defense of usury. Plaintiff further claims that the fixing of a usurious rate of interest was the result of defendant's fraud and deceit. In *Jenkins* v. *Moyse* (254 N. Y. 319) it was stated usurious loans could be discharged where made to an individual though in form to a corporation "to hide the fact that the lender has exacted an illegal rate of interest from the real borrower" (p. 324). The converse would seem to be true to defeat a defense of usury (cf. *Hoffman* v. *Nashem Motor,* 20 N Y 2d 513, 517). Thus in *Broad & Wall Corp.* v. *O'Connor* (13 A D 2d 462) summary judgment was denied where there was a defense of usury and the identity of the borrower as either a corporation or an individual was at issue. (See, also, *Brooklyn Trust Co.* v. *Hardy,* 268 App. Div. 785.) Several facts are not in dispute. The parties were brothers-in-law and friends for many years. The loan cannot, therefore, be viewed in the same light as an impersonal commercial transaction. The defendant does not deny that his corporations were in financial difficulty and that the proceeds of the loans ultimately were used for the benefit of the corporations. Nor does he deny that partial repayment was made and the claim of usury was never asserted until the institution of this action. In these circumstances triable issues of fact are presented as to the true borrower and whether the defendant is estopped from raising the defense of usury because of his alleged fraud and deceit. Concur — Stevens, P. J., Capozzoli, McGivern and McNally, JJ.; Steuer, J., dissents in the following memorandum: I sincerely regret that I cannot agree with the determination of the majority, as my sympathies are with the plaintiff. Plaintiff loaned the defendant money on a series of promissory notes. The loans were made, by prior agreement, over a period of time, and payments were made on account of the earlier notes before the last of the notes were issued. Some time after the final series of notes were executed and the last advance made, defendant stopped making the payments called for, and this suit resulted. Both sides moved for summary judgment, and the court denied both applications. Defendant appeals. Demonstrably, the notes call for 15% interest and are clearly usurious. Defendant has moved for summary judgment. The opposition rests on a claim, supported by evidence of a conversation, that the loans were in fact made to five corporations, all of them owned by defendant. Where there is a bona fide question as to the actual

borrower, a factual issue is presented and the form of the note is not conclusive (*Hoffman* v. *Nashem Motors,* 20 N Y 2d 513). Here, however, the proof relied on does not raise such an issue. At best, plaintiff's proof shows that defendant requested the loans for funds to be used to relieve the financial distress of the five corporations. But there was no agreement by the corporations or by the defendant acting for them that they were the responsible parties; nor was there any agreement as to which of the five corporations were to benefit from the loans, or the extent to which any was to receive assistance. Indeed, the exact opposite is indicated — the defendant was to receive and use the funds in the various enterprises as he saw fit. As plaintiff cannot show any corporate obligation, he can hardly aver that the loans were made to the corporations. And in any event he cannot prevail in this action against an individual on what he asserts is a corporate obligation. The tenor of plaintiff's affidavit is that he was deceived into making what amounts to a usurious loan by means of a fraudulent scheme. Whatever the merits of such an action may be, it is not maintainable, by amendment or otherwise, in this action which is being brought pursuant to CPLR 3213 as an action on an instrument for the payment of a sum of money only. The order entered September 11, 1968, should be modified on the law to grant defendant's cross motion.