Joseph Liff, J.
This motion by plaintiff for summary judgment in an action to foreclose a mortgage given to secure a series of promissory notes is denied.
The papers raise the familiar question as to whether a loan in form to a corporation was in fact made to an individual and usurious because of the rate of interest charged. In Hoffman v. Nashem Motors (20 N Y 2d 513, 516) our Court of Appeals made 1 ‘ it clear that a loan to a corporation, even *578 a ‘ dummy ’ corporation formed to avoid the usury laws and to accept the usurious loan, is valid. (See, also, Jenkins v. Moyse, 254 N. Y. 319.) ” (See, also, Leader v. Dinkler Mgt. Corp., 20 N Y 2d 393.) Courts will disregard form and look to the substance to determine who is the true borrower in the reversed situation as well; that is, where the loan appears to have been made to an individual but was in fact made to a corporation (Hoffman v. Nashem Motors, supra, p. 517; see, also, Ranhand v. Sinowitz, 32 A D 2d 519).
The plaintiff alleges that he loaned $12,000 to a corporation which delivered to him its six promissory notes, each in the sum of $2,000, payable without interest in monthly installments over a period of seven months, the first of said notes being due and payable two months from the date of making the loan. Photostats of only five of the six notes are submitted. Each of the notes is signed
“ North American Dry Cleaner Inc. Isidore Goldfeder
BY Irene Goldfeder
BY Marvin S. Cohen
BY Claire Cohen ”.
The signatures are not followed by an identification of the individual as an officer, etc. of the corporation. All four indorsed the notes, waiving presentment for payment, etc. As collateral security for the notes, one of the defendants executed a mortgage on real property.
The plaintiff states that, in addition to a check for $10,900 he gave the corporation “ the balance in cash.” Did he intend us to assume that it was the balance to $12,000 and that he made a loan without interest or other thing of value? Plaintiff argues that the defendant’s answer alleges an agreement to pay, in addition, the sum of $40 in cash per week for six months. No where does he in clear terms deny having received such an amount but directs attention to the fact that there is no documentary proof of the averments by the defendants that they paid $40 per week in cash. A defendant asserts that 21 such payments were made. This conclusory statement should have been supported by evidentiary detail; as for instance, how these payments were made, by whom, to whom, where, and on what days. Again there is no reply affidavit submitted by plaintiff denying these payments. An affidavit by his attorney in the nature of a reply is submitted, and that attorney can have only a limited knowledge of the facts.
*579 The defendants state that they received only $10,900, and that, in addition, they were required to make the weekly payments above described.
On the proof presented there appear to be issues of fact which should not be summarily determined on the papers submitted (Millerton Agway Coop. v. Briarcliff Farms, 17 N Y 2d 57). Further, an early trial of this case may be had.
Another question which should await determination at the trial is: was there a legal rate of interest charged, even if the loan were made to a corporation? (General Obligations Law, § 5-521; Penal Law, § 190.40.)