■ GILBERT K. GOTTLIEB, Respondent-Appellant, v TRUMID CONSTRUCTION CO., INC., Respondent, and JOSEPH PASQUINO, Appellant-Respondent.— In an action, *inter alia,* to recover moneys due under a written agreement, (1) defendant Pasquino appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Westchester County, entered December 27, 1978, as, after a nonjury trial, granted plaintiff judgment against him in the sum of $78,535.40, plus costs and disbursements, and (2) plaintiff cross-appeals from so much of the same judgment as dismissed the complaint as against defendant Trumid Construction Co., Inc., and awarded him interest against Pasquino at less than the contract rate. Judgment modified, on the law and the facts, by (1) deleting the third decretal paragraph thereof and substituting therefor a provision awarding plaintiff judgment as against defendant Trumid Construction Co., Inc., and (2) deleting so much of the first decretal paragraph thereof as awarded plaintiff interest at 8½% and substituting therefor a provision awarding plaintiff interest at the rate of

12% per annum. As so modified, judgment affirmed, with one bill of costs to plaintiff payable jointly by defendants, and case remitted to Trial Term for the entry of an appropriate amended judgment in accordance herewith. In our opinion, the loan transaction herein was not usurious. The agreement was signed by defendant Pasquino both as president of defendant Trumid as well as in his individual capacity. In the agreement Pasquino agreed to be guarantor of the loan. From the evidence, it seems clear that the parties intended for the loan to be made to Trumid in order to validate the transaction which bore an annual interest rate of 12%. While it is true that in actuality the loan was made to defendant Pasquino, the use of the corporation as signatory on the agreement in order to obtain the higher interest rate served to take the loan out of the purview of the usury statutes (see *Jenkins v Moyse,* 254 NY 319; *Leader v Dinkler Mgt. Corp.,* 20 NY2d 393; *Schneider v Phelps,* 41 NY2d 238). We especially note that to hold that the loan was usurious would result in the unjust enrichment of the defendant Pasquino. The land which Pasquino co-owned with Gottlieb was leased to an indoor tennis facility and they "were getting twelve per cent for the rent on the land". Pasquino was indebted to Gottlieb for the sum of $62,682.71 (the subject loan), which represented Pasquino's portion of what Gottlieb had advanced for improvements on the property. Since as co-owner Pasquino was to receive his share of the rent, even though he still owed Gottlieb a large amount of money, it is only fair that the interest rate on the loan in question equal the rate of "twelve per cent for the rent on the land". As noted by the Court of Appeals in *Schneider v Phelps (supra,* p 243): "The basic foundation of our economy rests on the system of free enterprise, and persons seeking to obtain financing, frequently by resort to paper corporate intermediaries, for business enterprises should expect to pay the market rate for the investment capital that they require. On the other hand, lenders are entitled, if they can, without sham transactions, to obtain the highest rate of interest for their money. (Cf. *Jenkins v Moyse,* 254 NY 319, 323, *supra.)* So long as the borrower is aware of the potential risk and acts in the belief that the ultimate profit justifies the risk undertaken, the free market in money operates without friction and there is no need for legislative or judicial interference." Here, Pasquino, who is a seasoned businessman, knew exactly what he was doing and sought to obtain investment capital by resort to a viable, not a mere paper, corporation. Under the circumstances he should be held to his guarantee. Titone, J. P., O'Connor, Lazer and Mangano, JJ., concur.