DANIEL PRATT et al., Appellants, *v.* NATHAN P. EATON et al., Respondents.

Defendant E. executed his bond and mortgage to secure the People's Safe Deposit and Savings Institution, for any indebtedness it had against the mortgagor, "upon or by reason of any promissory note, bill of exchange, overdraft, or otherwise." Subsequently said corporation loaned to the mortgagor various sums of money upon the discount of his notes, which expressed that the maker had deposited the bond and mortgage as collateral. In an action to foreclose the mortgage, *held,* that the notes were void, as the corporation had no power, under its charter, to loan money on personal security (chap. 816, Laws of 1868), and was prohibited by statute from discounting commercial paper (1 R. S., 712, §§ 3, 6); but that the corporation was authorized by its charter (§ 11) to invest in bonds and mortgages; that there was a loan which was within the condition of the mortgage; that the fact that the loan was made by way of discount, and upon the security of the notes, as well as of the mortgage, did not vitiate the latter; and that it was a valid security for the loan and enforceable as such.

*Pratt* v. *Eaton* (18 Hun, 293), reversed.

(Argued December 12, 1879; decided January 13, 1880.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, in favor of defendants, entered upon an order reversing a judgment in favor of plaintiffs, entered upon the report of a referee, and directing final judgment for defendants. (Reported below, 18 Hun, 293.)

This was an action to foreclose a mortgage.

The plaintiffs are the assignees in bankruptcy of the "People's Safe Deposit and Savings Institution of the State of New York," a corporation organized under the provisions of chapter 816, of the Laws of 1868. The mortgage was executed by the defendants, Eaton and his wife, together with a bond of Eaton, to which it was collateral, to Patrick Lynch, in trust for the corporation, to secure it for any indebtedness it might hold against Eaton, "upon or by reason of any promissory note, bill of exchange, check, overdraft, or otherwise." At the time when the corporation was adjudged a bankrupt it held four promissory notes made by Eaton, for the amount of which, being $950, besides interest, the plaintiffs claimed the right to enforce the lien created by the mortgage. The fact that the notes were discounted by said corporation was admitted by the plaintiffs, as was also the fact that the corporation, from its organization to its failure, and during the time when the notes were discounted, kept an office of discount and deposit in the city of Syracuse, and carried on a large business in the discount of notes and other commercial paper.

Further facts appear in the opinion.

*Daniel Pratt*, for appellants. The money in suit having been loaned on bond and mortgage the transaction was legal. (Laws of 1868, p. 1839, §§ 5, 6, 7, 11.) The institution being authorized to loan its deposits and funds accumulated in business in such manner as the officers thereof should, in their discretion, deem proper, there is no restriction upon them as to the form of the loans provided the requisite security be taken. (Laws of 1868, p. 1843, § 11.) The

right to loan includes the right to discount paper. (*N. Y. Firemen's Ins. Co.* v. *Ely*, 2 Cow., 693; *People* v. *Utica Ins. Co.*, 15 J. R., 392; *Talmage* v. *Pell*, 3 Seld., 342; *Smith* v. *Ex. Bank of Pittsburg*, 26 Ohio, 141; 15 id., 69.) It is not material that the loan in this case was for a short time. A loan cannot be said not to be an investment, because it is short. (*Utica Ins. Co.* v. *Scott*, 8 Cow., 710–719; Laws 1876, p. 400, § 27; Laws 1866, p. 1282, § 9; Laws 1866, p. 1421, § 6; Laws 1866, p. 1202, § 6; *Bard* v. *Poole*, 12 N. Y., 495–505.) If the notes were void the mortgage may be enforced for money lent. (*Curtis* v. *Leavitt*, 96 N. Y., 9.)

*George D. Cowles*, for respondents. A corporation can exercise only such powers as are expressly given to, and such incidental powers as shall be necessary, to the exercise of the powers expressly granted. (1 R. S. [Edm. ed.], 557–600 [m. p.] ; *Chas. River Bridge* v. *Warren Bridge*, 11 Pet., 420–544; *Richmond and C. R. R. Co.* v. *Louisa. R. R. Co.*, 13 How., 71; *Rice* v. *R. Co.*, 1 Black., 358; *Jeff. Branch Bank* v. *S. Kelley*, 1 id., 436; *Binghamton Bridge*, 3 Wall., 51; *Persie* v. *Del. and Ches. Canal*, 9 How., 172; *People* v. *Utica Ins. Co.*, 15 J. R., 383; *N. Y. Firemen's Ins. Co.* v. *Ely*, 2 Cow., 678; *Union Nat. Bank* v. *Mathews*, 19 Alb. Law Jour., 132; Laws 1868, vol. 2, p. 1839, chap. 816; 1 R. S. [Edm. ed.], 557–600 [m. p.].) Even if the Legislature had intended to confer banking powers upon this corporation, any grant of such power would have been invalid, being in contravention of the constitution. (Constitution of 1846, art. 8, §§ 1, 4; *People* v. *Utica Ins. Co.*, 15 J. R., 358–390; *N. Y. Firemen's Ins. Co.* v. *Ely*, 2 Cow., 678; *N. Y. Trust and Loan Co.* v. *Helmer*, 12 Hun, 35–42; *City Bank of Columbus* v. *Bruce*, 17 N. Y., 507–515; 1 R. S. [Edm. ed.], 660–712 [m. p.], §§ 1–5.) As the institution was in no manner authorized by its charter to make loans or discounts like the one in question, but was expressly prohibited from so doing, all notes and other securities made or given to secure the payment of money so loaned or dis-

counted are void. (*In re Jaycox & Green*, 7 Nat. Bank R., 578; S. C., 13 id., 122; S. C., U. S. Circuit Ct. N. Dist. of N. Y.; *People* v. *Utica Ins. Co.*, 15 J. R., 358; *N. Y. Trust and Loan Co.* v. *Helmer*, 12 Hun, 35; 20 Alb. L. Jour., 36; *Crocker* v. *Whitney*, 71 N. Y., 161.) When a corporation enters into a contract prohibited by statute, or unauthorized by its charter, such contract is void, and no recovery can be had thereon by it. (*North River Ins. Co.* v. *Lawrence*, 3 Wend., 482; *Life and Fire Ins. Co.* v. *Mech. Fire Ins. Co. of N. Y.*, 7 id., 31; *Crocker* v. *Whitney*, 71 N. Y., 161–170; *N. Y. Ins. Co.* v. *Ely*, 2 Cow., 678; *Bank of Salina* v. *Alvord*, 31 N. Y., 473; *Bissell* v. *M. S. and N. J. R. R. Co.*, 22 id., 265.) Courts will not aid either party in enforcing an illegal executory contract, nor if executed will they aid either party in setting it aside, or in recovering back what has passed under it. (*Nellis* v. *Clark*, 4 Hill, 424; *Oneida Bank* v. *Ontario Bank*, 21 N. Y., 490–496; *Tracy* v. *Talmage*, 14 id., 162; *Curtis* v. *Leavitt*, 15 id., 9; *Sacketts Harbor Bank* v. *Codd*, 18 id., 240; *Knowlton* v. *Cong. and Empire Spring Co.*, 57 id., 518.) The bond and mortgage in question are merely collateral to an indebtedness arising on the discounted notes, and the illegality of the contract is a defense to them also. (*Swift* v. *Beers*, 3 Den., 70.)

ANDREWS, J. We have decided at this term, that the People's Safe Deposit and Savings Institution had no power under its charter to loan money on personal security, and was forbidden by the restraining act from engaging in the business of discounting notes and other commercial paper, and could not enforce notes discounted in violation of the act. But we further held in that case that where a loan had been made by the company by way of a discount of a promissory note, the company or its assignees could recover the money loaned, although the security taken was void. The decision referred to, and the principle upon which it rests, sustains the right of the plaintiffs to enforce the mortgage in question. The mortgage was executed to

Patrick Lynch, an officer of the Safe Deposit Company, and was conditioned to pay to him, or his assigns, $2,000. Concurrently with the execution of the mortgage, a declaration of trust was executed by the mortgagor and mortgagee, declaring that the mortgage was executed to secure the Safe Deposit Company for any indebtedness it might hold against the mortgagor, "upon or by reason of any promissory note, bill of exchange, check, overdraft, or otherwise." Subsequently, at different times, the company loaned to the mortgagor, money, amounting in all to the sum of $950, upon the discount of his notes, which notes expressed that the maker had deposited with the company, as collateral security, the bond and mortgage in question. The notes were void, but the company, by the express terms of the eleventh section of the charter, was authorized to invest its funds in bonds and mortgages and other securities specified. There was a loan in this case, and this created an indebtedness to the bank, which was within the condition of the mortgage. The words, "or otherwise," in the declaration of trust, are broad enough to cover any debt which the company might hold against the mortgagor. The fact that the loan was made by way of discount of commercial paper, and upon the security of the notes as well as of the mortgage, does not vitiate the valid security. The substance of the transaction in respect to the mortgage was that it was taken to secure the loan, and not the notes, which at most were mere evidence of the loan. The case of *Curtis* v. *Leavitt* (15 N. Y., 97), is, we think, in point. In that case a banking corporation in this State loaned of bankers in Philadelphia certain sums of money, for which the borrower issued to the lenders time certificates of deposit, and also pledged its bonds as security for the payment of the certificates. The certificates were held to be illegal, and void, and it was claimed that the bonds pledged to secure the certificates must fall with them. But it was held that the loan being valid, the law, notwithstanding the form of the transaction, annexed the pledge to the debt for the money

lent, and not to the void certificates, and the court enforced the bonds against the assets of the corporation.

We are of opinion that the mortgage in question is a valid security for the loan made to the defendant Eaton, and it follows that the judgment of the General Term should be reversed, and the judgment of the Special Term affirmed.

All concur.

Judgment accordingly.