RICHMOND BUILDING AND LOAN ASSOCIATION, a corporation of New Jersey, complainant,

*v.*

AURORA HEALTH FARM CORPORATION et al., defendants.

[Decided October 2d, 1931.]

*Mr. Philip J. Schotland,* for the motion.

*Messrs. King & Vogt, contra.*

BACKES, V. C.

To the bill to foreclose a $125,000 building and loan mortgage, the mortgagor defendant, the corporation, answers that $12,500 was retained from the loan "as a premium or bonus thereon" and that $15,000 was deducted "as a bonus for said loan," intending to plead usury.

The corporation mortgagor was a member of the complainant building and loan association, and under chapter 65, laws of 1925 (*P. L. 1925 p. 195* § *16*), the premium was lawfully deducted.

The mortgagor corporation cannot plead usury. *Comp. Stat. p. 5706; Ovsiovitch* v. *Federal Tool and Manufacturing Co., 94 N. J. Eq. 744; reversing, Ibid. 85.* The answer is frivolous in these respects.

Two of three individual defendants who joined in the bond secured by the mortgage answer setting up derivatively the

defenses pleaded by the mortgagor, and they must go down as accordingly frivolous. *Freese* ads. *Brownall, 35 N. J. Law 285.*

The motion is to strike out the answers in their entirety because "they are sham as to fact and frivolous in law."

The answers deny the breach of the covenant upon which the bill counts to accelerate the due date of the mortgage, the non-payment of monthly dues on shares and interest and their arrearages for three months.

The denial must be taken as true on the motion to strike as frivolous, and on motion to strike as sham there is nothing before me one way or other as to the fact.

The notice is too broad. It stands in part in lieu of the former exceptions to answer for impertinence, and in part rests in the inherent power to strike false pleading, and in combination it must stand as a whole or fall if any ground is not well taken.

The motion is denied.