GEORGE OLLENDORF, Plaintiff, *v.* EDMUND LISSBERGER, Defendant.

Supreme Court, Trial Term, New York County, May 21, 1941.

*Samuel W. Eskowitz*, for the plaintiff.

*Unger & Pollack* [*William F. Unger* of counsel], for the defendant.

BENVENGA, J. This is a motion for a reargument of a motion to set aside a verdict for the plaintiff in an action on an accommodation indorsement of a promissory note and on a guaranty of a chattel mortgage.

On December 17, 1935, plaintiff was induced by the defendant to loan money to two corporations, Feifer Bros., Inc., and Feifer Footwear Corp., for which the plaintiff received from the corporations a promissory note for $12,000, and a chattel mortgage for the same amount covering machinery and other equipment of the corporations located in New Jersey. Thereupon plaintiff signed an affidavit reciting that the consideration for the mortgages was a cash loan for $12,000. This affidavit was made in accordance with the Chattel Mortgage Act of the State of New Jersey (1 N. J. Comp. Stat. p. 463; Comp. Stat. Supp. 1925–1930, p. 211; now N. J. S. A. tit. 46, chap. 28, § 4), which, so far as material, provides that every chattel mortgage which shall not be accompanied by an immediate delivery, and followed by an actual change of possession of the things mortgaged, shall be absolutely void " as against the creditors of the mortgagor, and as against subsequent purchasers and mortgagees in good faith," unless the mortgage with an affidavit stating the true consideration for the mortgage is recorded as directed by law. (See *Hunt* v. *Ludwig*, 93 N. J. Eq. 314; 116 A. 699; affd., 94 N. J. Eq. 158; 118 A. 839.) Following the making of the affidavit, the defendant and one Colt indorsed the note and executed a guaranty of the mortgage, whereupon the plaintiff turned over to the Feifer corporations two checks; one for $10,000, and the other for $2,000. Doubtless, the second check, the proceeds of which ultimately came into the possession of the plaintiff, was a bonus for the loan. Petitions in bankruptcy were subsequently filed against the Feifer corporations, and the mortgaged property was sold for more than $13,000. On application by the plaintiff to obtain the proceeds of the sale to satisfy the lien of his mortgage, the mortgage was declared null and void as against creditors of the Feifer corporations, on the ground that it did not truthfully set forth the consideration.

The question is whether, under the circumstances, the note and guaranty are enforcible. In considering this question, it is to be noted that the jury, by their special verdict, have found that, when the defendant signed these instruments, he knew that the affidavit of consideration had been executed by the plaintiff and, also, that he was familiar with its contents.

In support of his contention that the note and guaranty are unenforcible, the defendant argues that, where a contract is tainted with fraud or illegality and the contracting parties are *in pari delicto*, the courts will not aid either party in enforcing the contract or in setting it aside or in recovering back what has passed between them. (*New York State Loan & Trust Co.* v. *Helmer*, 77 N. Y. 64, 72; *Flegenheimer* v. *Brogan*, 259 App. Div. 347, 349, 350; affd., 284 N. Y. 268.) The argument is untenable. The principle invoked has been applied only where fraud or illegality was involved in the making of the contract in suit. Moreover, the tendency has been to limit, rather than extend, the doctrine. (*Rosasco Creameries, Inc.,* v. *Cohen*, 276 N. Y. 274, 278–280; *Ayew* v. *Hawes & Co., Inc.*, 250 App. Div. 596, 601, 602; *Flegenheimer* v. *Brogan*, *supra*, 350; affd., *supra*, 273, 275–277.) Here, the plaintiff sues on the defendant's indorsement of the promissory note and on his guaranty of a chattel mortgage. Neither is tainted with fraud or illegality. Though the plaintiff was given a bonus for the loan and though the loan may have been usurious, still the corporations cannot plead or set up the defense of usury; nor can the defendant as an accommodation indorser of the corporation obligation. This is the rule in this State (Gen. Business Law, § 374; *Salvin* v. *Myles Realty Co.*, 227 N. Y. 51, 57, 58; *Rockmore* v. *Epstein*, 127 Misc. 526, 528) and in New Jersey (New Jersey Laws of 1902, chap. 144, p. 459; *Richmond Building & Loan Assn.* v. *Aurora Health Farm Corp.*, 9 N. J. Misc. 1015; 156 A. 450), where the transaction which is the basis of this litigation was consummated.

True, the affidavit annexed to the chattel mortgage did not truthfully state the consideration. But this, under the New Jersey statute, rendered the chattel mortgage void only " as against the creditors of the mortgagor, and as against subsequent purchasers and mortgagees in good faith." It is otherwise valid and enforcible, and the public policy expressed in the statute involved should not be extended beyond that which the New Jersey Legislature has chosen to adopt. At all events, the validity or invalidity of the mortgage does not affect the legality or enforcibility of the note or the guaranty, upon which this action is founded.

It cannot be denied that, as a result of the making of the affidavit of consideration, the defendant's right to subrogation has been impaired. (*State Bank* v. *Smith*, 155 N. Y. 185, 197; *Cohen* v. *Rossmoore*, 225 App. Div. 300, 305.) But, as the jury has found, the defendant, in this respect, is equally at fault with the plaintiff. The fact, therefore, that his right of subrogation has been impaired is no defense to this action. (60 C. J. 708, § 21; *Title G. & T. Co.* v. *Haven*, 196 N. Y. 487, 495; *M. H. Metal Products Co.* v. *Aprü.* 251 id. 146, 150; *Krafft* v. *Citizens Bank*, 139 App. Div. 610, 615.)

The motion is denied.