JESSE L. BRADLEY et al., Appellants-Respondents, *v.* MANUEL SELENGUT, Respondent-Appellant, and TUGNELES REAL ESTATE Co., INC., Respondent.

First Department, April 20, 1945.

*Robert K. Story, Jr.,* of counsel (*Simons & Greeley,* attorneys), for plaintiffs-appellants and respondents.

*Morris Katz* of counsel (*Paskus, Gordon & Hyman,* attorneys), for defendant-respondent and appellant, Selengut.

TOWNLEY, J. Plaintiff corporation and the principal stockholder thereof, Jessie L. Bradley, brought this action to set aside certain agreements made with the defendant Selengut and the defendant Tugneles Real Estate Co., Inc., a corporation controlled by Selengut. The relief demanded on the first cause of action is the cancelation of a bond and mortgage, an assignment of rents and a management agreement executed by the plaintiff corporation, on the ground that they were given pursuant to a usurious agreement entered into between Mrs. Bradley and Selengut.

The agreements are attached to the complaint and establish conclusively that Selengut refused to enter into the various contracts with Mrs. Bradley personally, and, on the contrary, insisted that Mrs. Bradley should transfer her title in 225 East 111th Street to a corporation to be formed so that the said contracts could be made by the corporation with the admitted purpose of charging a rate of interest that would have been usurious had the contract been made with Mrs. Bradley.

For the purposes of this appeal, we state the facts as if a loan of money had been contemplated. In point of fact what was furnished was services in the alteration of a building. According to the complaint these services were charged for at a rate which was higher than the original agreed price. Selengut agreed to do the work for approximately $17,000 and then exacted a 10% bonus. This bonus was added to the contract price and the plaintiffs claim that that amounts to a usurious loan of money. Whether such a contract is usurious need not be decided. Defendant Selengut's appeal can be disposed of on the assumption (for the purposes of this decision only) that the transaction was equivalent to a loan of money.

In *Jenkins* v. *Moyse* (254 N. Y. 319) the Court of Appeals considered a situation where the plaintiff brought an action in equity asking judgment declaring that a certain mortgage made by a corporate mortgagor was usurious and void. The case reached the Court of Appeals on findings to the effect that the corporation was formed merely for the purpose of concealing and covering up a corrupt, usurious loan made to the individual plaintiff. The Court of Appeals said that before any inference could be drawn that the corporate form was used to conceal an unlawful transaction with the plaintiff as an individual, there must be proof at least that there was an individual transaction which the parties might desire to conceal. In other words, to establish a case on this theory and to apply it to the case at bar, it would be necessary to determine that Mrs. Bradley was the borrower of the money. But no such conclusion could be based on the contracts made.

While the first cause of action is obviously phrased to avoid the effect of the decision in the *Jenkins* case, the documents showing the exact transaction are annexed to the complaint, and on familiar principles of pleading must be read as though they were a part thereof. The documents themselves show a loan to a corporation.

The situation, therefore, is describable in terms used in the opinion in *Jenkins* v. *Moyse* (*supra*) as follows: " The defendants could not lawfully make a loan to the plaintiff individually at a greater rate of interest than six per cent. They never offered or agreed to make a loan to the plaintiff, for the rate of interest which they could lawfully exact from an individual was not attractive to them. The defendants were willing to loan money upon the real estate owned by the plaintiff, provided they could lawfully exact a higher rate of interest. The statute left one way open to accomplish a result desired by both

sides. The loan was needed to take care of a mortgage upon the property and to relieve the property from the lien of taxes and of judgments against the plaintiff. If the property were transferred to a corporation, the corporation could borrow the money upon mortgage given by it without limitation as to the interest it might agree to pay for the loan. So the transaction was consummated, and it was consummated in full compliance with the law of this State." The court there concluded that the parties had a perfect right to deal with each other with the usury laws before their eyes and to shape the transaction so as to avoid the condemnation of those laws, and cited *Union Dime Savings Inst'n* v. *Wilmot et al.* (94 N. Y. 221) to that effect. On the authority of this binding precedent the motion to dismiss the first cause of action should have been granted.

The second cause of action is for an accounting and other relief against both Tugneles Real Estate Co., Inc., and Selengut, based on their alleged mismanagement of the property under the management agreement. The court at Special Term dismissed the second cause of action insofar as it was pleaded against the defendant Selengut. This decision was erroneous. The allegations of the complaint taken in connection with the agreements attached thereto establish prima facie responsibility on the part of Selengut for the acts of his agent, Tugneles Real Estate Co., Inc., in the management of the property.

The order appealed from should be modified as follows: insofar as it grants the motion to dismiss the second cause of action as against the defendant Selengut, it should be reversed and said motion denied; insofar as it denies the motion to dismiss the first cause of action as against him, it should be reversed and the said motion granted, with leave to the plaintiffs to serve an amended complaint within ten days after entry of order, setting forth an amended first cause of action against said defendant; and as so modified the order should be affirmed without costs.

DORE, J. (dissenting in part). I dissent in part to the extent of voting to affirm the order insofar as it denied defendants' motion to dismiss the first cause of action as against defendant Selengut. Otherwise I concur with the majority opinion.

MARTIN, P. J., GLENNON and UNTERMYER, JJ., concur with TOWNLEY, J.; DORE, J., dissents in part in opinion.

Order appealed from modified as follows: insofar as it grants the motion to dismiss the second cause of action as against the defendant Selengut, order reversed and motion

denied; insofar as it denies the motion to dismiss the first cause of action as against him, order reversed and motion granted, with leave to the plaintiffs to serve an amended complaint within ten days after entry of order, setting forth an amended first cause of action against said defendant; as so modified order affirmed, without costs. Settle order on notice.