KINGS MERCANTILE Co., INC., Plaintiff, *v.* ESTELLE N. COOPER et al., Defendants.

Supreme Court, Special Term, Queens County, November 17, 1950.

*Sidney O. Raphael* for plaintiff.

*George W. Israel* for Estelle N. Cooper, defendant.

Colden, J. This action seeks the foreclosure of a mortgage on real property. All allegations of the complaint which is in conventional form are admitted. The outcome of the litigation hinges on the determination of the issues arising out of the counterclaim and affirmative defense of usury interposed by the only answering defendant, Estelle Norma Cooper.

The case was submitted to the court on the plaintiff's evidence consisting of testimony and exhibits and one exhibit tendered by the defendant who offered no witnesses.

The bond and mortgage involved in the instant situation were executed and delivered by the defendant, Estelle Norma Cooper, allegedly as collateral to secure the repayment of a loan of $14,000 made by the plaintiff to Vale Products Inc., a New York corporation, on which a bonus of $2,100 was concededly charged in addition to interest at the rate of 6% per annum. The defendant's position is that the loan was in fact usurious in character and was made not to the corporation, but to her individually.

Interest in excess of 6% per annum is usurious and forbidden. (General Business Law, §§ 370, 371.) The defense of usury, however, is not available to a corporation. (General Business Law, § 374.)

And where a borrower and a lender desire to effect a loan at a rate of interest in excess of the legal rate, it has been held entirely valid for the borrower to incorporate even though such act is solely for the purpose of taking the loan in the name of a corporation. Apparently in this situation form prevails over substance. (*Jenkins* v. *Moyse,* 254 N. Y. 319.)

" The corporate entity may be disregarded where it is used as a cloak or cover for fraud or illegality. For that there is ample authority. Here the corporate entity has been created because the statute permits a corporate entity to make a contract which would be illegal if made by an individual. The law has not been evaded but has been followed meticulously in order to accomplish a result which all parties desired and which the law does not forbid.

" Corporations are, ordinarily, created because through the corporate form some advantage is obtained which would be denied to an individual or a group of individuals. That has been done here, and no ground has been shown for disregarding the corporate entity, though that entity has been formed for

the purpose of doing something permitted to a corporation but forbidden to an individual.'' (P. 324.)

The defendant seeks to differentiate the cited case factually because there the debtor conveyed the real property to a corporation and the corporation executed the bond and mortgage, whereas here the bond and mortgage were executed and delivered by the individual defendant as collateral security. This is a distinction without a difference. Security may be furnished by a guarantor as well as by a borrower.

A detailed analysis of the proof is unnecessary, but the view of the evidence most favorable to the defendant would be that the plaintiff compelled the formation of the corporation to occupy the status of borrower, so that the effect of the usury statute would be avoided. This is precisely what is permitted by *Jenkins* v. *Moyse* (*supra*). (See, also, *Bradley* v. *Selengut*, 269 App. Div. 209.)

The court finds that in this transaction the plaintiff was the lender. Vale Products Inc. occupied the position of borrower and the defendant, Estelle Norma Cooper, and William Cooper, her husband, were guarantors. The covering agreement so describes the parties concerned and the promissory notes themselves are signed by the corporation as maker, whereas the signatures of William Cooper and Estelle Norma Cooper appear on the back thereof as indorsers. It is to be noted that the borrowing corporation and the guarantors were represented by counsel in the execution of the agreement, notes and other documents and in the consummation of the transaction.

That the sum of $11,173.75 was paid out of the proceeds of the loan to discharge a mortgage on the property of the individual defendant is immaterial and does not compel a finding that the loan was made to the individual and not to the corporation. The money was paid out at the direction of the corporation and the plaintiff was under no obligation or duty to investigate as to whether the funds were being used for corporate purposes or not. Vale Products Inc. was a closed corporation, entirely the instrumentality of Mr. and Mrs. Cooper. As far as the plaintiff knew, this disbursement might well have constituted a loan by the corporation to its officers or the payment of a stockholder's dividend.

The defense of usury not being available to a corporation is not available to its individual guarantors or indorsers. (*Ollendorf* v. *Lissberger*, 176 Misc. 661, affd. 263 App. Div. 814; *Salvin* v. *Myles Realty Co.*, 227 N. Y. 51; *Rockmore* v. *Epstein*,

127 Misc. 526.) Nor may the lender be prevented from resorting to the security or collateral deposited by such guarantors or indorsers. (*General Phoenix Corp.* v. *Cabot,* 300 N. Y. 87 [Dec., 1949]; *Baronberg* v. *Humphreys,* 166 Misc. 100.)

A motion for summary judgment was made in this suit but was denied with an opinion by Mr. Justice CONROY. (N. Y. L. J., July 3, 1950, p. 6, col. 3.) This court does not construe the denial of the motion for summary judgment as in any way establishing the law of the case or an adjudication of any of its issues, as urged by the defendant. The denial of a motion for summary judgment merely determines that triable issues exist. If a defense is presented which is fairly arguable, summary judgment may not be granted. (*Dwan* v. *Massarene,* 199 App. Div. 872.)

The case of *Bannon* v. *Bannon* (270 N. Y. 484) which, incidentally, was cited not by the plaintiff but by the defendant, is authority against concluding parties from properly litigating issues because of interlocutory rulings in the case. In that action the court, for the purpose of determining a motion for alimony and counsel fees, appointed a Referee who, after hearings, held that the plaintiff's prior Florida divorce was invalid and hence the plaintiff was not the wife of the defendant. Nevertheless the Court of Appeals held that this was not *res judicata* and did not preclude the plaintiff from again presenting the issue to the court for determination upon the trial of the case.

For the reasons hereinabove stated, the affirmative defense of usury and the counterclaim will be dismissed upon the merits and a judgment of foreclosure and sale directed as prayed for in the complaint.

The foregoing constitutes the decision of this court. Settle judgment on notice.