Geobge P. Stier, J.
In an action to foreclose a second mortgage on real property, the defendants interposed the defenses of usury and violations of section 131 of the Banking Law and section 18 of the General Corporation Law. Both sides have moved for summary judgment, and the People of the State of New York, not originally made a party to this action, have moved by the Attorney-General permanently to enjoin the plaintiffs from prosecuting their action and enforcing the bond, note, mortgage and assignment recited in the complaint and to dismiss the same and to decree that the State’s lien for alleged unpaid corporate franchise taxes are superior in rank to the mortgage alleged in the complaint and to restrain the plaintiffs forever from impairing in any way the primacy of said lien.
On December 11, 1954 the defendants made application to All County Funding Corporation for a loan to be secured by a mortgage on the property which is the subject of the action. In said application, they agreed to form a corporation, transfer their property thereto and in its name consummate the loan. On December 14, 1954, 163-15 Oak Avenue Corp. was formed and on December 22, 1954 the defendants transferred title to their property to said corporation. On the same date, a mortgage note -for the sum of $7,200, secured by mortgage, was executed and delivered by 163-15 Oak Avenue Corp. to All County Funding Corporation, the defendant Frederick W. Kuo signing same as president and the defendant Nicetas H. Kuo as secretary. These defendants received from All County Funding Corporation two checks, dated December 22, 1954, totaling $5,000, the lender retaining the sum of $1,440, in addition to adjustments, taxes, etc. Plaintiffs purchased this mortgage from All County Funding Corporation on December 22, 1954 for the sum of $5,760. An assignment was executed to them on the same day, prior to which but on the same' day, the then owner of the property, 163-15 Oak Avenue Corp., executed an owner’s estoppel certificate. The next day, to wit, December 23, 1954, said corporation reconveyed the property to the defendants.
*597 Thereafter, this action was commenced for the default in the payment of the installments due under the mortgage on the 22d days of January, February, March and April, 1956.
In Jenkins v. Moyse (254 N. Y. 319) our Court of Appeals held that an action to cancel a mortgage of record on the ground of usury cannot be maintained where in order to obtain a loan on real property, a plaintiff organized a corporation and transferred his property to it, whereupon that corporation executed the mortgage in suit for a sum greatly in excess of the amount received, since the corporate mortgage, when executed, had a valid inception and was free from the taint of usury. The court also noted that such a mortgage does not become invalid merely because the corporation was formed as part of a plan whereby the defendants might keep outside of the statute and still obtain a return from the investment greater than the rates allowed by the statute under other circumstances, and that the fact that the sole owner of the stock of said corporation was an individual does not change the right that the law accords to those who do business in corporate form.
This court is constrained to hold that the facts involved herein fall within the ambit of the foregoing authority which until reversed or modified by our court of last resort or by the Legislature may not be disregarded. It is interesting to note that Chief Judge, then Judge Lehman, writing for the unanimous court, observed at page 323: ‘ ‘ Indirectly through his ownership of the stock of the corporation the plaintiff [individual] continued to control the real estate and received substantially the full benefit of the loan. Indirectly, too, the plaintiff suffers loss by the enforcement of the defendant’s right to foreclose the mortgage upon the corporate property; but the loan was made to the corporation and was payable only by the corporation and out of property which the corporation had the right to mortgage.” To the same effect see Werger v. Haines Corp. (302 N. Y. 930); New York Credit Men’s Assn. v. Manufacturers Discount Corp. (298 N. Y. 512, motion for reargument denied 298 N. Y. 640); Bradley v. Selengut (269 App. Div. 209); Kings Mercantile Co. v. Cooper (199 Misc. 381).
As for the contention that the transaction described above violated the provisions of section 131 of the Banking Law and of section 18 of the General Corporation Law, the court is likewise constrained to hold that the transaction herein involved was not violative of said statutes. This specific point was directly passed upon by our Court of Appeals in Williams-Dexter Co. v. Dowland Realty Corp. (259 N. Y. 581). There *598 it was specifically field that the defense that the lender was engaged in the hanking business in violation of banking law and that the discount exacted and the bonus given were in violation of then section 140 (now § 131) of the Banking Law and of section 18 of the General Corporation Law did not constitute a defense to an action brought to foreclose a bond and mortgage. The Williams-Dexter case (supra) was decided on May 13,1932. Subsequently, section 18 of the General Corporation Law was amended by chapter 905 of the Laws of 1935 by adding the following provision: 1 ‘ provided further that engaging in the business of loaning money in this state on bonds, notes or other evidences of indebtedness, secured by deeds of trust or mortgages upon real property * * * shall not be deemed or construed to violate any of the provisions of the banking law.”
The foregoing amendment further strengthens the plaintiffs’ position that the defense based upon the alleged violations of the Banking Law and of section 18 of the General Corporation Law is insufficient. Miller v. Discount Factors (1 N Y 2d 275), relied upon by the defendants, does not aid them since that case did not involve a note secured by a mortgage upon real property and, therefore, did not by implication overrule the Williams-Dexter case (supra).
The other defenses pleaded in the answer have been considered and found without merit. The plaintiffs having established their cause of action and that there is no meritorious defense thereto, and the court being of the opinion that no triable issues have been presented, their motion is granted and that of the defendants is denied. Inasmuch as the plaintiffs did not and do not, by this action, seek to cut off any rights of the State of New York for corporate franchise taxes or otherwise, and, indeed, have not made the State a party to the action for any purpose, much less to cut off any of its rights, its motion is denied.
Submit order and provide therein for the appointment of a referee to compute the amount due to the plaintiffs.