Walter R. Hart, J.
In an action to foreclose a mortgage, plaintiff moves to strike defendants’ affirmative defenses pursuant to subdivision 6 of rule 109 of the Rules of Civil Practice and to dismiss pursuant to subdivision 5 of rule 109 the defendants’ counterclaims and for summary judgment.
The complaint in substance alleges that on January 10, 1956 the mortgage was given by one Otto Kochenburger (who for the purposes of this motion will be designated as the defendant) to plaintiff to secure a loan of $5,700 made by plaintiff to D. 1ST. P. *266 Flooring Corp.; that concurrently with the giving of the mortgage the defendant gave to plaintiff an instrument in writing which recited the giving of the mortgage and which unconditionally guaranteed the repayment of the loan; that the loan was repayable in 12 monthly installments of $475, plus interest, and was evidenced by a series of promissory notes in like amount; that defendant defaulted in repaying the loan except for the sum of $950.
The answer generally denies the allegations of the complaint and contains two affirmative defenses and three counterclaims.
The first affirmative defense in substance alleges that D. N. P. Flooring Corp., as maker, gave to plaintiff 12 promissory notes each in the amount of $475 endorsed by the president of D. N. P. Flooring Corp. and defendant; that defendant at the same time gave plaintiff his bond for $5,700 and the mortgage but received no consideration therefor; that the 12 notes were discounted by plaintiff out of plaintiff’s own funds and retained thereby $700; that only $5,000 of the $5,700 was paid over to D. N. P. Flooring Corp.; that the discounting of the notes was in violation of the Banking Law of the State of New York and therefore the entire transaction was illegal and void. The second affirmative defense realleges the first defense and adds that the bond and mortgage were executed under a mistake of law and had defendant known of the illegality of the transaction he would not have executed them.
To sustain the position of the defendant the case of Miller v. Discount Factors (1 N Y 2d 275) is cited. The court there held that it is a violation of section 131 of the Banking Law and of section 18 of the General Corporation Law for a corporation other than a banking corporation to charge for a loan in advance, and that it made no difference as to legality whether or not the charge or discount was for interest, compensation or premium.
The Miller case, however, is not determinative of the factual presentation herein. In the Miller case the action was on the notes while here the action is to foreclose a real estate mortgage given to secure the notes. A situation as presented herein arose in Pratt v. Eaton (79 N. Y. 449) where the court, basing its decision on Pratt v. Short (79 N. Y. 437), held, that although notes discounted by the lending corporation in prohibition of the statute were void, a mortgage with a valid separate inception given as security was not vitiated but was enforcihle as a valid security for the loan as distinguished from the discounted notes. The court therein said at page 453: “The substance of the transaction in respect to the mortgage was that it was taken to secure the loan, and not the notes, which at most were mere *267 evidence of the loan.” The opinion of the court on this point has never been questioned. A similar result was reached in Williams-Dexter Co. v. Dowland Realty Corp. (259 N. Y. 581), where the court held that discounting and taking of a bonus in connection with a loan secured by a bond and mortgage was not a violation of section 131 of the Banking Law or section 18 of the General Corporation Law. (To the same effect see Duncomb v. New York, H. & N. R. R. Co., 84 N. Y. 190; Empire Factors Corp. v. 1305 Brook Ave., N. Y. L. J., Sept. 12, 1956, p. 10, col. 4.)
Accordingly the two affirmative defenses are stricken upon the ground that they are insufficient in law; the three counterclaims are dismissed because they fail to state facts sufficient to constitute a cause of action; and the answer in its entirety is stricken on the ground that the denials of the material allegations of the complaint are sham and frivolous; and the plaintiff is granted summary judgment.
The cross motion to preclude the plaintiff is denied since the motion has become academic by virtue of this decision.
Settle order of reference on notice which shall provide for a stay of 30 days.