Arthur Markewich, J.
Defendant moves for summary judgment. The action is brought for a judgment declaring chattel mortgages and promissory notes, as well as the guarantee of the individual plaintiff, to be void and invalid. It is sought, further, to enjoin defendant from enforcing the guarantee and chattel mortgages or negotiating the notes, to have the notes surrendered for cancellation, and to have the chattel mortgages satisfied and delivered to plaintiff. Plaintiffs contend that there is here involved a loan transaction in contravention of section 131 of the Banking Law, and section 18 of General Corporation Law. They rely on Miller v. Discount Factors (1 N Y 2d 275). It is not apposite; the transaction involved there was a mere discount of negotiable paper of original issue without other security or evidence of debt. Such discount by a stock corporation was clearly proscribed (see Pratt v. Short, 79 N. Y. 437). The statutes enacted by the Legislature this year and thereafter vetoed by the Governor had as their purpose the validation of discount transactions of the kind with which the Miller case was concerned and therefore may not be considered to indicate in any way the state of the law with respect to the loans made, as here, upon the security of a mortgage.
Plaintiffs argue that the discounted notes herein represented loans and the primary evidence thereof, and that the notes were not attached to the chattel mortgage for convenience in the making of the payments provided in the mortgage. They rely, in addition, upon an unreported decision of a Referee in Bankruptcy in a matter involving a loan, complete with mortgage and notes; that decision (later vacated on review) held the notes and mortgage to be void. (The loan there was also made by this defendant.) The Referee stated: “ The parties ‘ annexed ’ the mortgage to the notes and the ‘ law ’ cannot ‘ reannex ’ it to the loan contrary to the expressed intent of the parties.” There is, however, no similar triable issue here. While it is stated that the parties are in agreement on the facts, plaintiffs, nevertheless, argue that, in the course of negotiations, the transaction was considered to be exclusively one for a loan of money upon the security of notes alone. Upon this issue the consent of the stockholders of the plaintiff corporation is conclusive, for thereby the stockholders gave their consent that the corporation give the mortgage to secure a loan. As has been said, the Referee’s order on which plaintiffs rely was *312 vacated on review by the United States District Court. Nothing in the order of vacatur indicates that it was based upon the 1957 statutes enacted by the Legislature and thereafter vetoed.
Plaintiffs then argue that only such loans as are secured by mortgages on real property are exempted from the proscribed discount operation and that those secured by mortgages on personalty come within the proscription. The early exemption of real property mortgages, it is said, was by judicial fiat and in defiance of the language of the statute as it had existed prior to amendment of section 18 of the General Corporation Law in 1935 (L. 1935, ch. 905). That amendment codified the law as it existed; it did not validate what theretofore had been invalid. Plaintiffs urge that the exception of real estate mortgages by the 1935 amendment impliedly continued the proscription with respect to loans secured by mortgages on personalty. In the absence of a showing of clear intent to the contrary, such amendment did not have the effect of continuing any supposed invalidity of loans based upon mortgages on personalty. In fact, such reasoning impels an implication that the unsuccessful legislative attempt this year to validate discounted loans upon unsecured notes presupposed the validity of discounted loans made upon the security of mortgages upon personalty. Indeed, it is conceded that the early cases did not distinguish between realty and personalty mortgages (see Pratt v. Eaton, 79 N. Y. 449). Clearly, with respect to realty mortgages at least, the court was without need of the 1935 amendment of section 18 of the General Corporation Law, to determine that such a loan was not in violation of section 131 of the Banking Law. It did not need declaratory or enabling statutes also to hold valid discounted loans when made through the instrumentality of a mortgage on personalty. It is not now needed (Duncomb v. New York, Housatonic & Northern R. R. Co., 84 N. Y. 190). The purpose of section 131 of the Banking Law was to restrain the flow in commerce merely of “ commercial paper, which may pass from one to another, bearing the signature of the debtor” (Matter of Worth Light. & Fixture Co., 292 F. 769, 773), while stock corporations authorized to advance moneys upon property, real or personal, do not violate section 131 of the Banking Law when they do so (Duncomb v. New York, Housatonic & Northern R. R. Co., supra; Williams-Dexter Co. v. Dowland Realty Corp., 259 N. Y. 581). The “ proscription does not extend to a mortgage executed to secure discounted notes. The notes are merely evidence ' of the debt to which the mortgage attaches. The execution of the mortgage to secure the debt is not a pro *313 scribed banking function. (See General Corporation Law, § 18; Williams-Dexter Co. v. Dowland Realty Corp., 259 N. Y. 581; Pratt v. Eaton, 79 N. Y. 449.) The defense is therefore insufficient to defeat this action to foreclose the mortgage ” (County Ind. Corp. v. Francia, 5 Misc 2d 602.)
The motion is granted. Settle order.