Louis E. G-lahtz, J.
Plaintiff moves for summary judgment and to strike out the amended answer. The defendants John H. Eobson, Jr. and Jennie Eobson cross-move for summary judg *544 ment. The action is brought to recover $1,119.32, being balance due in accordance with a collateral bond executed by the individual defendants on October 16, 1954, simultaneously with the execution of a mortgage for $2,900 by The 278 Corp., covering the one-family dwelling known as 88 Landing Road, Glen Cove, Nassau County, N. Y. Said corporation paid a bonus to the plaintiff, for placing said mortgage.
After 22 monthly payments of $88.23 each were made, The 278 Corp. defaulted and this action was commenced against the said corporation and the two individual defendants.
The corporate defendant did not appear nor file an answer. The individual defendants appeared by Nathan Dorfman, Esq., who interposed an answer pleading a general denial and the following three affirmative defenses:
1- Usury.
2- That the collateral bond was secured from the defendants by fraud.
3- That this court does not have jurisdiction of the defendants.
On March 26, 1957, when this case appeared on the calendar for trial, a stipulation in writing was entered into between the attorneys for the respective parties hereto, settling this action for $900 and the defendants withdrew their answer and agreed to pay said sum of $900 on or before April 8, 1957, otherwise on three days’ notice plaintiff may enter judgment for $1,119.32 with interest and costs.
On April 3, 1957, defendant’s attorney notified this court by letter that his clients refused to consummate this settlement and that he withdrew as their attorney.
On April 19, 1957, Neafsey & Acker, Esqs., were substituted as attorneys for the defendants.
No motion or application was made by said attorneys to set aside the aforesaid stipulation of settlement. Instead, the said attorneys, without obtaining leave from this court, deposited $900 with the court clerk, subject to the outcome of this action, and filed an amended answer setting forth the following affirmative defenses:
1- Usury.
2- That the collateral bond was secured from the defendants by fraud.
3- Violation of section 131 of the Banking Law and section 18 of the General Corporation Law.
4- Usury within the meaning of and intent of chapter 968 of the Laws of 1957, effective April 26.
*545 Even though the court should at this time permit a motion to be made by the defendants to set aside the stipulation of settlement and file the amended answer, they must show that they have a good and meritorious defense to plaintiff’s cause of action.
It is the court’s considered opinion that the aforesaid affirmative defenses are without merit. The fact that the defendants were not represented by counsel and did not read the documents does not constitute fraud. No claim is made by the defendants that they are illiterate or mentally incapacitated. Without claiming fraud, 22 monthly payments of $88.23 each were made. Their claim of fraud is an after thought.
With the exception of the defense of usury under chapter 968 of the Laws of 1957, effective April 26, 1957, the other affirmative defenses have been considered by our courts on numerous occasions and were held to be invalid. (Amherst Factors v. Kochenburger, 4 A D 2d 745; Mittman v. Kuo, 5 Misc 2d 595; Jenkins v. Moyse, 254 N. Y. 319; Werger v. Haines Corp., 302 N. Y. 930; New York Credit Men’s Assn. v. Manufacturers Discount Corp., 298 N. Y. 512, motion for reargument denied, 298 N. Y. 640; Bradley v. Selengut, 269 App. Div. 209; Kings Mercantile Co. v. Cooper, 199 Misc. 381.)
Chapter 968 of the Laws of 1957, effective April 26, 1957, amends section 374 of the General Business Law, which gives a corporation the right to plead the defense of usury if the only asset of the corporation consists of a one- or two-family house and if the corporation was formed less than six months from the date of the consummation of the mortgage transaction.
On October 16, 1954, when the parties hereto made and executed the mortgage and other accompanying documents herein, said documents were valid and free from the defense of usury. To hold that chapter 968 of the Laws of 1957 gives the defendants the right to plead the defense of usury to mortgages executed years before the law went into effect, would mean that the Legislature of the State of New York passed a retroactive or ex post facto law and also a law which impairs the obligation of a valid contract. Such was not the intention of the Legislature of the State of New York. This law affects future transactions only.
For the foregoing reasons I hereby grant the plaintiff’s motion for summary judgment for $1,119.32 with interest and costs, and strike out the amended answer interposed herein. The defendants’ motion for summary judgment is hereby denied.