Burke, J.
 

 Plaintiff, Amherst Factors, a domestic business corporation not organized under the Banking Law, made a loan to D. 1ST. P. Flooring Corporation evidenced by a series of 12 acceleration promissory notes totaling $5,700, executed by D. H. P. Amherst discounted the notes, retaining $700 and delivering to the maker the net proceeds of the loan, $5,000. The notes had been indorsed in blank by D. N. P.’s president and by appellants’ intestate, Kochenburger, an employee of D. N. P. Simultaneously with his indorsement and for the purpose of inducing the loan to D. N. P., Kochenburger executed a guarantee together with the subject real property mortgage securing payment of the loan indebtedness. Subsequent to the transaction Kochenburger was called upon to and did pay two of the notes. Thereafter, appellants refused to make any further payment and the present action was instituted to foreclose the mortgage for the balance due.
 

 Appellants argued below as they do here that the discounting of the notes by Amherst contravened section 131 of the Banking Law and thereby rendered both the notes and the mortgage void for illegality. The remainder of appellants’ defenses and counterclaims were founded upon this alleged invalidity. Amherst was granted summary judgment in the trial court and
 
 *206
 
 the decision was affirmed by the Appellate Division. We agree with that determination.
 

 Even if it were to be assumed that the discounting by Amherst violated section 131 and that consequently the notes were void, under our law that invalidity would not render ineffective the mortgage given as security.
 

 Miller
 
 v.
 
 Discount Factors
 
 (1 N Y 2d 275) is not determinative. There the issue presented was whether or not certain notes had been illegally discounted and were, therefore, void; no mortgage was involved. Pertinent here is a line of cases which have held, under statutes and circumstances similar to those before us, that althoug’h the notes be illegal for contravention of a prohibition against discounting the accompanying independent security retains its validity
 
 (Pratt
 
 v.
 
 Eaton,
 
 79 N. Y. 449;
 
 Duncomb
 
 v.
 
 New York, Housatonic & Northern R. R. Co.,
 
 84 N. Y. 190, 201;
 
 Williams-Dexter Co.
 
 v.
 
 Dowland Realty Corp.,
 
 259 N. Y. 581; see
 
 Curtis
 
 v.
 
 Leavitt,
 
 15 N. Y. 9, and the so-called
 
 Utica Ins. Co.
 
 cases cited therein, p. 97;
 
 County Ind. Corp.
 
 v.
 
 Francia,
 
 5 Misc 2d 602, affd. 4 A D 2d 748;
 
 Mittman
 
 v.
 
 Kuo,
 
 5 Misc 2d 595;
 
 Antipyros Co.
 
 v.
 
 Breiter $ Co.,
 
 8 Misc 2d 310, affd. 4 A D 2d 941;
 
 New York Credit Men’s Adjustment Bureau
 
 v.
 
 Breiter & Co.,
 
 253 F. 2d 675.)
 

 Perhaps the most frequently cited of these is
 
 Pratt
 
 v.
 
 Eaton.
 
 A restraining act then in effect was in relevant part the same as present section 131 of the Banking Law. It provided, as does subdivision 1 of section 131, that no unauthorized company was permitted to make discounts and that all ‘ ‘ notes or other securities for the payment of any money * * * loaned or discounted * * * contrary to the provisions of [this section] shall be void” (see
 
 Pratt
 
 v.
 
 Short
 
 [companion case to
 
 Pratt
 
 v.
 
 Eaton],
 
 79 N. Y. 437, 444). In the
 
 Eaton
 
 case the lender corporation advanced, upon the discount of borrower’s notes, sums totaling $950. The notes were deemed void (cf.
 
 Miller
 
 v.
 
 Discount Factors,
 
 supra) but it was held that an accompanying bond and mortgage was not affected and suit might be maintained upon the mortgage by the lender. The court said: ‘ ‘ The notes were void, but the company, by the
 
 express
 
 terms of * # * the charter, was authorized to invest its funds- in bonds and mortgages and other securities
 
 *207
 
 specified. There was a loan in this ease, and this created an indebtedness to the bank, which was within the condition of the mortgage. * * * The fact that the loan was made by way of discount of commercial paper, and upon the security of the notes as well as the mortgage, does not vitiate the valid security. The substance of the transaction with respect to the mortgage was that it was taken to secure the loan, and not the notes, which at most were mere evidence of the loan”
 
 (Pratt
 
 v. Eaton, 79 N. Y. 449, 453,
 
 supra).
 

 In
 
 Williams-Dexter Co.
 
 v.
 
 Dowland Realty Corp. (supra),
 
 the action was one to foreclose a mortgage on real estate. A discount had been made by the lender who received a bond and mortgage in the amount of $33,333 for a loan of $25,000. One of defendant’s four affirmative defenses was that the discount by the plaintiff was in violation of section 140 (now § 131) of the Banking Law, and rendered the bond and mortgage void. In answer to a certified question this court held that the defense was insufficient as a matter of law. Three years later, apparently in confirmation of the rule as it appeared from the
 
 Williams-Dexter
 
 case, section 18 of the General Corporation Law was amended to state:
 
 ‘
 
 ‘ engaging in the business of loaning money in this state on bonds, notes or other evidences of indebtedness, secured by deeds of trust or mortgages upon real property * * # shall not be deemed or construed to violate any of the provisions of the banking law” (L. 1935, ch. 905).
 

 Our decision in the present case is governed by these precedents. The power of the lender corporation to make loans secured by real property mortgages is clear. Mortgages received pursuant to that authority remain valid notwithstanding the fact that notes given to evidence the debt underlying the mortgage are illegally discounted.
 

 Appellants have argued that
 
 Pratt
 
 v.
 
 Eaton
 
 and the other cited cases are not applicable because of the fact that Kochenburger, the mortgagor in this case, was not the recipient of the loan. However, barring the case of artificial transactions fabricated in an attempt to evade the usury laws (no such claim is made here), nothing about the fact that the recipient of the loan and the mortgagor are not the same person impairs the validity of an otherwise valid mortgage-secured loan
 
 *208
 
 transaction. Certainly it is neither illegal nor improper to give such a mortgage and there appears to be no reason why the position of the lender should be compromised because of such an arrangement. Nor is there anything in section 131 of the Banking Law which gives it a greater or different impact in the present case because of the fact that the mortgagor was not also the recipient of the loan. At most the effect of that section is the same here as it was in the cases cited; it voids the notes but not the accompanying security.
 

 Even considered from a purely equitable point of view nothing here moves us to avoid the result that appears to be required by the decided cases. Whatever mistreatment Kochenburger and his estate may have suffered (and on this record it could only be surmised) cannot be laid at the plaintiff’s door but would be chargeable, if to anyone, to D. N. P., for whose benefit Kochenburger obligated himself. If he was a mere volunteer, he or his estate cannot complain because the risk he assumed, albeit gratis, was realized. If he was not a volunteer his rights would be confined to those he might have had against D. N. P. by way of subrogation.
 

 In concluding that the mortgage is effective we have assumed, to appellants’ benefit, that the notes were invalid. Since, as we have pointed out, the question of the notes’ validity or invalidity does not affect this result, it need not be determined here.
 

 The order appealed from should be affirmed, with costs, and the question certified answered in the affirmative.
 

 Chief Judge Conway and Judges Desmond, Dye, Ftjld, Froessel and Van Voorhis concur.
 

 Order affirmed, etc. •