Order, Supreme Court, Bronx County (John A. Barone, J.), entered October 7, 2011, which, to the extent appealed from, denied plaintiff’s motion for summary judgment dismissing defendants’ affirmative defenses and counterclaim, awarding plaintiff a judgment of foreclosure, and referring the matter to a referee for an accounting of the amount due to plaintiff under the subject mortgage, unanimously reversed, on the law, with costs, the motion granted, and the matter remanded for appointment of a referee, to compute and ascertain the amount due to plaintiff on the subject mortgage and to report on whether the subject property should be sold in one parcel.
Plaintiff established its prima facie right to foreclosure with *568 evidence that defendants failed to pay the outstanding principal due under the parties’ mortgage documents and loan agreements (see ING Real Estate Fin. [USA] LLC v Park Ave. Hotel Acquisition, LLC, 89 AD3d 506 [1st Dept 2011]; JPMCC 2007-CIBC19 Bronx Apts., LLC v Fordham Fulton LLC, 84 AD3d 613 [1st Dept 2011]).
In response to plaintiff’s prima facie showing, defendants failed to raise any triable issue of fact regarding their affirmative defenses and counterclaim (see Red Tulip, LLC v Neiva, 44 AD3d 204, 209 [1st Dept 2007], lv dismissed 10 NY3d 741 [2008]). Defendant TCB Property Management Corp.’s execution of a mortgage to secure defendant Collado Holdings LLC’s debt does not invalidate the mortgage or otherwise render it unenforceable (see Amherst Factors v Kochenburger, 4 NY2d 203, 207-208 [1958]; Levi v Commonwealth Land Title Ins. Co., 2011 WL 4542904, *5, 2011 US Dist LEXIS 112307, *14-15 [SD NY, Sept. 30, 2011, No. 09 Civ 8012 (SHS)]). Nor is summary judgment precluded by discrepancies in the amounts of money claimed by plaintiff to be outstanding. Notably, defendants do not dispute that approximately $700,000 was disbursed pursuant to the loan agreement, and they make no claim on this appeal to have repaid any of the principal. Since defendants “challenge only the amount of the mortgage debt,” the proper procedure here is an order of reference, to determine the “amount due and owing to the plaintiff’ (Johnson v Gaughan, 128 AD2d 756, 757 [2d Dept 1987]).
We also reject defendants’ argument that the mortgage is unenforceable for lack of separate consideration. The extension of credit to Collado Holdings may itself be said to constitute consideration for the giving of the mortgage (see Consumers Union of U.S., Inc. v Campbell, 1989 WL 304762, *5 n 5, 1989 US Dist LEXIS 13634, *14 n 5 [SD NY, Nov. 16, 1989, Nos. 88 Civ 7980 (JMW), 89 Civ 4704 (JMW)] [“It is settled law in New York that a contract of guaranty entered into concurrently with the principal obligation is supported by the same consideration which underlies the principal contract”]).
Also unavailing is defendants’ suggestion that the mortgage is unenforceable because the lender did not issue the maximum amount issuable under the note. The note on its face makes clear that a maximum of $2.258 million might be advanced, but not necessarily the entire sum. Plaintiff has tendered affidavits and other evidence establishing that over $700,000 in principal was disbursed pursuant to the loan agreement in response to four requisition requests. Defendants do not dispute any of this evidence or make any claim that they requested any further ad *569 vanees. For the foregoing reasons, TCB’s counterclaim for lender liability, premised on the notion that it suffered damages on account of the lender’s alleged failure to disburse the entire $2.258 million provided for under the note, also fails.
We have considered defendants’ remaining arguments, including their contention that the default notice was served at an improper address, and find them unavailing. Concur—Tom, J.P., Saxe, Moskowitz, Abdus-Salaam and Gische, JJ.